# Richmond

COMMONWEALTH OF VIRGINIA v. JAMES F. McNEELY AND
GAY McNEELY.

March 4, 1963.

Record No. 5523.

Present, All the Justices.

The opinion states the case.

*M. Ray Johnston, Assistant Attorney General (Robert Y. Button,
Attorney General; R. Crockett Gwyn, Jr.,* on brief), for the Com-
monwealth.

*D. Burke Graybeal,* for the defendants in error.

I'ANSON, J., delivered the opinion of the court.

The Commonwealth of Virginia instituted this action against the defendants, James F. McNeely and Gay McNeely, to recover the sum of $5,800.36, alleging that they had removed and carried away certain fixtures attached to a restaurant building which they had sold by contract and conveyed by deed to the Commonwealth. A jury trial resulted in a verdict for the Commonwealth against both defendants in the amount of $2,772.11. The trial court set aside the verdict and entered judgment for the defendants. An appeal was sought by the Commonwealth only as to the judgment entered for James F. McNeely, and we granted a writ of error to that judgment.

The only issue presented is whether the trial court erred in setting aside the jury's verdict and entering judgment for the defendant James F. McNeely.

The material evidence shows that James F. McNeely and Gay McNeely, husband and wife, owned and operated a restaurant in Marion, Virginia, and the State Highway Commissioner determined that portion of the land owned by the defendants on which the restaurant building was located would be needed for the right of way of proposed interstate route 81.

The property was appraised by H. S. Buchanan and L. P. Haywood, two of the Highway Department's appraisers. Buchanan testified that when he and Haywood made their appraisal McNeely furnished them with an inventory list of the restaurant equipment, showing the cost to him of each item. He and Haywood viewed the items listed in the presence of McNeely, discussed them with him, and made check marks on the left-hand margin of the list opposite the items that the defendants were to retain and on the right-hand margin opposite the equipment that the Commonwealth was to take as a part of the building. This list was introduced in evidence as an exhibit.

Haywood confirmed Buchanan's testimony that they, in the presence of McNeely, designated the items for which payment was to be made by the Commonwealth and those which were to be kept by McNeely.

After the appraisal of the defendants' property, Douglas C. Brewer, a right of way representative for the State Highway Department,

initiated negotiations with the defendants for the purchase of the land, building and equipment. Brewer testified that on February 3, 1960, he informed the defendants that a french frier, a charcoal broiler and a gas stove had been excluded from the consideration because these items were personal property and W. M. Williams, Jr., assistant district right of way engineer for the State Highway Department, had determined that only the fixtures which were attached to the building would be paid for and considered as a part of the real property. At McNeely's insistence, Brewer gave the defendants a written memorandum that the three appliances would be excluded from the sale. A few days later Brewer gave McNeely permission to keep a 45-case Bevco beer cooler, a 32-foot counter, a steam table, and a well pump, because he thought that the Commissioner's office had decided that those items were also personal property.

The negotiations between Brewer and the McNeelys culminated in the execution of an option agreement by the defendants on February 5, 1960. The consideration clause of the option was written in ink by Brewer and provided in part:

"Landowner to be paid $39,239.00 in full for land, restaurant, well, septic system, footings, equipment (real property), shrubbery, and any and all damages to residue. Landowner to be paid $37,239.00 when deed is executed and the balance $2,000.00 when property is vacated. Landowner agrees to vacate property on or by Sept. 1, 1960. Landowner to affix Revenue stamps to deed when executed."

Brewer testified that he read the inventory list to the McNeelys and they looked over the completed agreement, containing the provisions he had written in ink, before they signed it. The 45-case Bevco beer cooler, 32-foot counter, and steam table, which Brewer had previously told McNeely he could keep, were not excluded from the inventory list and were included in the consideration paid McNeely.

A deed conveying the land and the restaurant building was executed and delivered on April 8, 1960, pursuant to the option agreement, but the inventory list of the equipment purchased was not made a part of the deed. The initial payment of $37,239 was made to the defendants when the executed deed was delivered, and the balance of $2,000 was paid on October 14, 1960, after Brewer told the attorney representing the Commonwealth that the property had been vacated. However Brewer permitted McNeely to keep the keys to the building in order that he might later remove some merchandise

he had stored there. The keys were not obtained from McNeely until sometime in July, 1961.

On July 14, 1961, a representative of the State Highway Department went to the property to post a notice of sale of the building and saw McNeely coming out of it. Upon investigation it was found that all the equipment and fixtures claimed by the Commonwealth as its property had been removed and that most of it was in the possession of the defendant, James F. McNeely, and some of it was being used by him in his new restaurant.

McNeely testified that he had not seen, before the day of the trial, the marked list of the inventory as testified to by Buchanan and Haywood. He said that the option agreement he and Mrs. McNeely signed did not contain the provisions written in the instrument by Brewer; that he had told Brewer when he signed the option that he could not sell the building, land, and all the equipment for the price stated; and that Brewer then told him that since the seven items heretofore mentioned had been excluded from the sale that he would see about letting him have other equipment when it was needed in his new building.

McNeely first denied in both his pleadings and testimony that he had sold to the Commonwealth any of the equipment and fixtures listed in the exhibit filed with the motion for judgment, but he later admitted that he had sold the equipment and fixtures that were attached to the building. He said that he had removed all the fixtures attached to the building after he had been paid the full purchase price and that they were in his possession at the time of the trial. He made no claim of ownership to the light fixtures, furnace, kitchen and restroom fixtures and other items that had been attached to the building, but stated that he had removed and stored them at the direction of Brewer for the benefit of Brewer or the Highway Department. He admitted, however, that he knew Brewer had no authority to have the property of the Commonwealth removed and stored for his own personal benefit.

Brewer denied telling McNeely that he would consider letting him have any of the equipment and fixtures sold to the Commonwealth or that he could remove them and store them for the benefit of anyone.

There was evidence in the record that McNeely had made several gifts to Brewer after the sale to the Commonwealth had been closed.

Mrs. McNeely did not testify.

The Commonwealth contends that we should reinstate the verdict against James F. McNeely and here enter a final judgment in its favor against McNeely because the evidence presented a factual question for determination by the jury and their finding was supported by credible evidence.

On the other hand, the defendant argues that the testimony of Brewer was incredible and the judgment of the trial court should be sustained. He says, however, if the Commonwealth is entitled to recover in any amount he does not complain of the amount of the jury's verdict.

The action of the trial court in setting aside the verdict of the jury and entering judgment for the defendants was an exercise of the power conferred by § 8-352, Code of 1950, 1957 Replacement Volume, and we are aware that a verdict disapproved by the trial judge is not entitled to the same weight as one that has been approved by him. *Butler* v. *Darden*, 189 Va. 459, 471, 53 S. E. 2d 146, 151; *Barb* v. *Lowe*, 196 Va. 1014, 1015, 86 S. E. 2d 854, 855.

But the power conferred on the trial judge under Code § 8-352 to set aside a jury verdict and enter final judgment can only be exercised where the verdict is plainly wrong or without credible evidence to support it. If there is a conflict in the testimony on a material point, or if reasonable men may differ in their conclusions of fact to be drawn from the evidence, or if the conclusion is dependent on the weight to be given the testimony, the trial judge cannot substitute his conclusion for that of the jury merely because he would have voted for a different verdict if he had been on the jury. The weight of a jury's verdict, when there is credible evidence upon which it can be based, is not overborne by the trial judge's disapproval. The question involved under such circumstances is one of fact for determination by the jury, and their verdict cannot be disturbed by either the trial court or by this Court, and if improperly set aside by the trial court it will be reinstated by this Court. *Comess* v. *Norfolk General Hospital*, 189 Va. 229, 233, 52 S. E. 2d 125, 128; *Hoover* v. *Neff & Son*, 183 Va. 56, 62, 63, 31 S. E. 2d 265, 266, 267; *Alessandrini* v. *Mullins*, 178 Va. 69, 72, 16 S. E. 2d 323, 324; Burks Pleading and Practice, 4th ed., § 325, pp. 608, 609.

The test to be applied in determining the credibility of witnesses and the weight to be given their testimony has been discussed at length by us in several recent cases. *Thompson* v. *Letourneau*, 199 Va. 560, 566, 101 S. E. 2d 1, 5, 6; *Simpson* v. *Commonwealth*, 199 Va. 549, 558, 100 S. E. 2d 701, 706, 707; *Daniels* v. *Transfer*

*Co.,* 196 Va. 537, 544, 84 S. E. 2d 528, 532. In each of those cases we approved the statement made by Mr. Justice Buchanan in *Burke* v. *Scott,* 192 Va. 16, at p. 23, 63 S. E. 2d 740, at p. 744, where he said:

"* * * To be incredible, evidence must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ."

The jury determined, under conflicting evidence, that the Commonwealth was entitled to recover the value of only a part of the items it claimed. An examination of the values on the list of the items which the Commonwealth alleged it purchased shows that the jury's verdict allowed recovery only for the value of those fixtures which were attached to the property and ordinarily pass with the conveyance of real estate in the absence of an agreement to the contrary. Thus, the jury found that there was no such agreement to exclude the fixtures from the sale. See *Myers* v. *Hancock,* 185 Va. 454, 457, 460, 39 S. E. 2d 246, 247, 248; *Bolling* v. *Hawthorne Coal Co.,* 197 Va. 554, 566, 90 S. E. 2d 159, 167.

Moreover, McNeely admitted that he had removed from the building the fixtures which he had sold to the Commonwealth. He attempted to excuse his act by saying that Brewer had permitted him to remove and store the items for Brewer, personally, or for the State Highway Department. It is inconceivable that McNeely would go to the expense and trouble of removing the fixtures if he had not had some design to profit by it himself. Brewer denied that he had given McNeely permission to remove the equipment and fixtures, and the jury settled this conflict in the evidence by their verdict for the Commonwealth.

Although there were some inconsistencies between the claim of the Commonwealth and Brewer's testimony, and it is true that Brewer was indiscreet, to say the least, in receiving gifts from McNeely after the sale of the property to the Commonwealth, his testimony was not so manifestly false that reasonable men should not believe his denial that he gave McNeely permission to remove the Commonwealth's property. Nor was his testimony shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ. It was for the jury to determine the credibility of the witness and the weight his testimony should receive. Hence the trial court should not have set aside the verdict and entered judgment for James F. McNeely.

For the reasons stated, the judgment of the trial court as to James F. McNeely is set aside, the verdict of the jury is reinstated, and final judgment is here entered for the Commonwealth in the amount of $2,772.11.

*Judgment reversed, verdict of the jury reinstated and final judgment entered thereon.*