## MAUDE FOBBS

### V.

## WEBB BUILDING LIMITED PARTNERSHIP

Record No. 831575

October 10, 1986

Present: All the Justices

*Barry A. Stiefel (Julia H. Butler; Ashcraft & Gerel*, on brief), for appellant.

*Robert W. Lewis (James B. Adelman; Lewis, Wilson, Lewis & Jones, Ltd.*, on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In this appeal of a "slip and fall" case, we must determine whether sufficient evidence exists to support a jury's finding that the defendant was negligent.

Maude Fobbs sued Webb Building Limited Partnership (Webb Building) to recover damages for injuries resulting from a fall. A jury returned a verdict in favor of Fobbs for $17,500. The trial court set aside the verdict, ruling that the evidence was insufficient as a matter of law to establish negligence, and entered judgment in favor of Webb Building. This appeal ensued.

Webb Building, owner of an office building, leased office space to the Navy Department. Fobbs, a Navy Department employee, entered the building shortly before seven o'clock on the morning of the accident. Rain was falling when Fobbs entered the building and had been falling during the previous night.

After entering the building, Fobbs proceeded down a hallway toward a bank of elevators. The surface of the hallway floor had a standard terrazzo finish. When Fobbs arrived at the elevators, she pushed the elevator button, and then, as she "made one or two steps to go into the elevator . . . [her] foot went from under [her] and [she] just went down." Fobbs testified that she "stepped on something which was very slippery," but she did not know what it was.

Shortly after Fobbs fell, Edna Mahan, who had entered the building earlier that morning, arrived on the scene in response to a telephone call requesting her assistance. Mahan saw Fobbs lying in front of the elevator and observed water on the floor "lying around" Fobbs. Glancing down, Mahan told Fobbs, "I see what you did. You fell in the water. . . ."

Within a few minutes, David Stebbins, a paramedic, arrived to render assistance to Fobbs. He also saw Fobbs lying on the floor by the elevator. As he knelt beside Fobbs, Stebbins saw water on the floor near Fobbs' feet.

Mahan also testified that when she arrived at the building between 6:00 and 7:00 a.m., rain was falling and she noticed "an awful lot of water" between the two sets of double doors at the front entrance of the building. As Mahan walked toward the elevators, she saw water in front of the elevators and near the security guard's desk. She described it as "a glistening of water . . . like people dragging their feet or something in front of that elevator."

As owner, Webb Building was responsible for floor maintenance. One of its employees inspected the elevator area daily and had last inspected it the evening preceding Fobbs' fall. Another employee was responsible for removing foreign matter from the floor, but "he had not assumed his duty hours at the time of the accident." Navy Department employees had access to the building 24 hours a day and had entered the building throughout the rainy night.

The parties stipulated that Fobbs occupied the status of Webb Building's invitee. An owner of premises owes a duty to its invitee (1) to use ordinary care to have the premises in a reasonably safe condition for the invitee's use consistent with the invitation, and (2) to use ordinary care to warn its invitee of any unsafe condition that was known, or by the use of ordinary care should have been known, to the owner; except that the owner has no duty to warn its invitee of an unsafe condition which is open and obvious to a reasonable person exercising ordinary care for his own safety. *Appalachian Power Company* v. *Sanders*, 232 Va. 189, 193-94, 349 S.E.2d 101, 104-05 (1986); *Indian Acres* v. *Denion*, 215 Va. 847, 849-50, 213 S.E.2d 797, 799 (1975).

A trial court may set aside a jury verdict and enter final judgment only when the verdict is plainly wrong or without credible evidence to support it. A jury weighs the testimony of witnesses and resolves conflicting evidence. If reasonable minds can differ in the conclusions of fact to be drawn from the evidence, a jury is the proper tribunal to draw the conclusion. A trial judge cannot substitute his conclusion for that of a jury merely because he would have voted differently had he been on the jury. *Coleman* v. *Blankenship Oil Corp.*, 221 Va. 124, 128-29, 267 S.E.2d 143,

146 (1980); *Commonwealth* v. *McNeely*, 204 Va. 218, 222, 129 S.E.2d 687, 689-90 (1963).

 Our standard of review is well established. When a trial court sets aside a jury verdict, the verdict is not entitled to the same weight as one approved by the court. *Guill* v. *Aaron*, 207 Va. 393, 396, 150 S.E.2d 95, 98 (1966). Nevertheless, we must give the party who received the favorable verdict "the benefit of all substantial conflict in the evidence, and all fair inferences that may be drawn therefrom." *Walton* v. *Walton*, 168 Va. 418, 423, 191 S.E. 768, 770 (1937). *Accord Graves* v. *Nat. Cellulose Corp.*, 226 Va. 164, 169-70, 306 S.E.2d 898, 901 (1983). Moreover, if any credible evidence supports the verdict, we must reinstate the verdict and enter judgment thereon. *Baird* v. *Dodson Bros. Exterminating*, 217 Va. 745, 749, 232 S.E.2d 770, 773 (1977).

 Obviously, facts need not be proved by *direct* evidence, but instead, may be established by *circumstantial* evidence. Indeed, a jury may draw all reasonable inferences and deductions from the evidence adduced. *Northern Virginia Power Co.* v. *Bailey*, 194 Va. 464, 470, 73 S.E.2d 425, 429 (1952). *See Southern States Coop.* v. *Doggett*, 223 Va. 650, 657-59, 292 S.E.2d 331, 335-36 (1982). However, if a jury bases its conclusions and inferences on speculation and conjecture, a plaintiff's case fails. *Williamsburg Shop* v. *Weeks*, 201 Va. 244, 248, 110 S.E.2d 189, 192 (1959).

Webb Building contends that Fobbs failed to produce "direct" evidence of what caused her to fall or any evidence whatsoever that "the condition of the floor was unsafe, dangerous or hazardous and that this condition proximately caused her injuries." Webb Building likens Fobbs' case to *Williamsburg Shop*. In *Williamsburg Shop*, we set aside a verdict and judgment for the plaintiff because the plaintiff failed to produce *any* evidence, direct or circumstantial, that the stairway or landing where she fell was wet or slippery. Thus, we said the jury based its verdict on speculation and conjecture. *Id.* at 248, 110 S.E.2d at 192.

We conclude that the present case is similar to *Shiflett* v. *Timberlake, Inc.*, 205 Va. 406, 137 S.E.2d 908 (1964). In *Shiflett*, the plaintiff, an invitee, entered the defendant's store on a snowy day and fell when she slipped on water that had accumulated on a floor covered with a standard plastic surface. Other customers had tracked the water into the store.

In *Shiflett*, a jury returned a verdict for the plaintiff, awarding her damages. The trial court, however, set aside the verdict. We

reversed, holding that there was sufficient evidence of the defendant's negligence to present a jury issue. The plaintiff in *Shiflett* proved with direct evidence that the store's proprietor knew that water had accumulated on the floor and that the floor became slippery when wet.

In the present case, evidence showed that rain had been falling for a protracted period of time before the accident, causing "an awful lot of water" to accumulate between the two sets of double doors at the entrance of the building. Persons had entered the building throughout the night. Water, tracked by persons entering the building, had accumulated on the terrazzo floor in the area where Fobbs slipped and fell. The employee responsible for removing foreign matter from the floor had not reported for work at the time Fobbs fell.

Although Fobbs could not say what caused her fall, she did testify that she "stepped on something which was very slippery." Other witnesses testified that both before and after she fell, they observed water on the terrazzo floor in the vicinity of her fall.

From this direct and circumstantial evidence, the jury reasonably could have found that the accumulation of water on the terrazzo floor in the vicinity of the elevators constituted a hazardous condition that caused Fobbs to fall. The jury also reasonably could have concluded that Webb Building knew or, in the exercise of ordinary care, should have known of the condition and failed to use ordinary care to correct the hazard or to warn Fobbs of the danger.* Thus, we cannot say that the jury's verdict was plainly wrong or without any credible evidence to support it.

Consequently, we conclude that the trial court erred in setting aside the jury verdict. Accordingly, we will reverse the court's judgment, reinstate the verdict, and enter final judgment for Fobbs.

*Reversed and final judgment.*

CARRICO, C.J. and RUSSELL, J., dissenting.

---

* In oral argument before this Court, Webb Building conceded it had constructive knowledge that water had been tracked into the building. Webb Building contended, however, that it had no knowledge of the existence of a hazardous condition. But, as previously noted, whether a hazardous condition existed was an issue to be decided by the jury from all the facts and circumstances of the case.