## A. R. Lumpkin, et al.

### v.

## James W. McClamroch, et al.

Record No. 830660

## Jim W. McClamroch and Erin McClamroch

### v.

## A. R. Lumpkin and Mildred Juanita Lumpkin

Record No. 830661

November 26, 1986

Present: All the Justices

*Joseph M. Winston, Jr.; French H. Conway (Patrick H. Musick; Clement & Wheatley*, on brief), for appellants. (Record No. 830660)

*B. K. Cruey; James A. L. Daniel (Meade, Tate & Daniel, P.C.*, on briefs), for appellees. (Record No. 830660)

*B. K. Cruey* for appellants. (Record No. 830661)

*Joseph M. Winston, Jr.; French H. Conway (Patrick H. Musick; Clement & Wheatley*, on brief), for appellees. (Record No. 830661)

THOMAS, J., delivered the opinion of the Court.

These two appeals arise out of a consolidated trial of three separate proceedings, all of which centered on rights to a certain roadway that ran from property owned by James W. McClamroch and his wife, Erin McClamroch, across property owned by A. R. Lumpkin and his wife, Mildred Juanita Lumpkin. The Lumpkins contended that the roadway was, on average, only eight feet wide and that to the extent the McClamrochs engaged in activities outside the eight-foot width of the road they were trespassing upon land owned by the Lumpkins. On the other hand, the McClamrochs claimed they had a right-of-way thirty feet wide across the Lumpkin land.

On June 3, 1981, the McClamrochs purchased twenty-eight acres of land on Smith Mountain Lake near Route 626. Shortly before purchasing the land, Mrs. McClamroch asked Mr. Lumpkin for permission to use the road that crossed the Lumpkin property. Mr. Lumpkin gave his permission provided the McClamrochs remained inside the original roadbed and did not disturb the hardpan surface of the road. After the purchase was

complete, Mr. McClamroch invited Mr. Lumpkin to ride with him over the road to discuss various plans that Mr. McClamroch had for improving the road. While on that ride, Mr. Lumpkin agreed that the McClamrochs could "even out" high spots in the road, cut branches and trees that protruded into the roadway, and put down gravel. However, Mr. Lumpkin told Mr. McClamroch that he was to stay within the original roadbed.

Thereafter, upon advice of counsel, the McClamrochs concluded they had a right to use the road without regard to permission from the Lumpkins. They hired Kenneth Bolling who, following the McClamrochs' directions, bulldozed the road, cut ditch banks, and knocked down trees. The Lumpkins objected to this work. When the work continued, the Lumpkins served the McClamrochs and Bolling with a "no trespass" notice. The dispute led to the filing of three lawsuits.

On December 31, 1981, the McClamrochs filed a motion for judgment against A. R. Lumpkin, Mildred J. Lumpkin, and Wayne Lumpkin alleging, in essence, that the McClamrochs had rights in a thirty-foot roadway through the Lumpkin property and that the Lumpkins had harassed and intimidated the McClamrochs and thus blocked the McClamrochs in their effort to improve the roadway. The McClamrochs sought $164,000 in compensatory and $100,000 in punitive damages.

On the same day, the McClamrochs also filed a bill of complaint in equity. In their bill, which incorporated by reference the motion for judgment, the McClamrochs asked the court to find that they had fee simple ownership in a thirty-foot roadway across the Lumpkin property or that they had acquired a thirty-foot right-of-way by prescription. In addition, the McClamrochs prayed that the Lumpkins be temporarily and permanently enjoined from interfering with the McClamrochs' use and improvement of the road.

On January 8, 1982, A. R. Lumpkin filed a motion for judgment against the McClamrochs and the contractors hired by the McClamrochs to work on the road. On February 2, 1982, the motion for judgment was amended to include Mrs. Lumpkin as a party plaintiff. The Lumpkins alleged that they permitted the McClamrochs to use an eight-foot-wide farm road owned by the Lumpkins. According to the Lumpkins, they gave the McClamrochs permission to gravel the road but specifically directed them not to widen the road or disturb the existing roadbed. The

Lumpkins contended that the McClamrochs trespassed on the Lumpkins' property and damaged the Lumpkins' land by widening the eight-foot road, damaging its surface, and destroying trees and drainage ditches. The Lumpkins sought $36,596 in compensatory damages and $100,000 in punitive damages.

On September 3, 1982, the court wrote all counsel the following letter:

> After my conversation with Mr. White and Mr. Conway, I called Mr. Cruey and advised him that Mr. White and Mr. Conway advised that they conceded that Mr. Cruey's client has an easement over the property in question and the matters to be determined at the trial will be the location of the easement, width of the easement, the extent of the use of the easement, and what damages, if any have been sustained as a result of the work done on the easement.
>
> If the above is not correct, please advise immediately.

Mr. Conway represented the Lumpkins. He made no response to this letter. Nor did any of the other lawyers in the case.

On September 15, 1982, the trial court entered an order which read in pertinent part as follows:

> The Court is of the opinion, based on abstracts and memoranda filed by Counsel that Jim W. McClamrock [sic] and Erin H. McClamrock [sic] had acquired *a right of way by prescription along the location of the road as it then existed* . . . through the Lumpkin property to State Road 626. . . .
>
> All cases except the claims of the McClamrocks [sic] against Wayne Lumpkin are consolidated for trial on September 30, 1982. . . .

(Emphasis added.) This order confirmed the statement made in the letter of September 3, 1982, and also consolidated the three suits for trial. Significantly, the Lumpkins' counsel endorsed the order "requested." The McClamrochs endorsed the order "seen and objected to."

The case was tried to a jury on September 30, 1982. The jury was called upon to resolve two issues: (1) the width of the easement through the Lumpkins' property as of August 11, 1981 (the date on which work commenced on the easement) and (2) what damages if any were sustained by the Lumpkins by virtue of the

work done on the easement by the McClamrochs and their agents or employees. The jury returned its verdict in favor of the Mc-Clamrochs, finding that the easement was thirty feet wide and that the Lumpkins had not sustained any damages.

The Lumpkins moved to set aside the verdict on the ground that there was no evidence to support the jury's finding of a thirty-foot right-of-way. The trial court set aside the verdict of a thirty-foot right-of-way and ruled that the right-of-way "shall be seventeen (17) feet." The trial court did not set aside the portion of the jury's verdict that the Lumpkins did not sustain any damages.

The Lumpkins and the McClamrochs appealed. In their appeal, the Lumpkins raise four assignments of error; they contend that the trial court erred:

1.  by ruling that the McClamrochs had acquired a right-of-way by prescription;
2.  by consolidating a chancery suit with two law suits and by submitting to the jury the question of the width of the right-of-way crossing the Lumpkins' property;
3.  by setting the width of the road at seventeen feet when there was no evidence to support the decision; and
4.  by refusing to resubmit the issue of damages to the jury after the Court had modified the jury's verdict relating to the width of the easement.

In their appeal, the McClamrochs raise two assignments of error; they contend that the trial court erred:

1.  by setting aside the jury verdict that the easement through the Lumpkins' property, as of August 11, 1982, was thirty feet wide; and
2.  by excluding evidence of certain deeds of conveyance to the McClamrochs and their predecessors in title along with related plats and documents.

The Lumpkins' first two assignments of error can be disposed of summarily. At trial, the Lumpkins did not complain of the ruling that the McClamrochs had a prescriptive right-of-way through their property. Nor did the Lumpkins complain of the consolidation of the cases. Indeed, the Lumpkins requested both rulings when they signed the September 15, 1982 order "re-

quested." They cannot now complain of these two points. *See* Rule 5:25.

The heart of the matter on appeal is whether the easement was thirty feet wide as the jury found, seventeen feet wide as the trial court ruled, or eight feet wide as the Lumpkins urged. A subsidiary question is whether a finding that the easement was less than thirty feet wide requires that the damage issue be resubmitted.

Before we can resolve the issue concerning the width of the road, we must decide what weight to give the jury's verdict. The McClamrochs argue that the jury's verdict is entitled to great weight and must be upheld if there is any evidence to support it. The basis of the McClamrochs' argument in this regard is that the jury in the consolidated case operated the same as a jury in a law case.

The Lumpkins contend that the jury verdict was advisory only. From their standpoint, when the jury decided the width of the road, it was deciding an issue out of chancery. *See Miller* v. *Wills*, 95 Va. 337, 28 S.E. 337 (1897). The Lumpkins submit that the chancellor in equity can disregard such a verdict.

■ In our view, the jury verdict in this case was the same as a verdict in any lawsuit. Therefore, it was not merely advisory.

We reach this conclusion for several reasons. First, it is plain from an examination of the court papers filed in the three suits that once the matters were consolidated the equitable claims were essentially abandoned. There is no further mention in the consolidated file of equitable relief. There was no attempt to prove the prerequisites for the grant of equitable relief. Significantly, the trial court's September 3, 1982 letter to counsel which stated that the McClamrochs had an easement went on to set forth the issues that would be considered at trial. The central issue discussed in that letter was legal, not equitable. Further, the trial court did not state anywhere in the record that it was submitting an issue out of chancery to the jury nor did the parties request this.

Second, the issues in the two lawsuits required a determination of the width of the right-of-way. The McClamrochs claimed they owned a thirty-foot-wide roadway across the Lumpkins' property. On the other hand, the Lumpkins claimed that the McClamrochs had permission to use an eight-foot-wide farm road and that, by going outside the eight-foot-wide road, the McClamrochs trespassed upon property owned by the Lumpkins. It is plain that, in

order to resolve these two conflicting claims, the width of the right-of-way would have to be determined.

In light of the facts and circumstances of these cases, we are of opinion that the jury verdict concerning the width of the easement was the same as a verdict in a lawsuit; it was not an advisory verdict on an issue out of chancery. However, because this verdict was not approved by the trial court, it is entitled to less weight than a verdict which has been approved. In such a situation, we give the recipient of the verdict the benefit of all substantial conflict in the evidence and all fair inferences that may be drawn therefrom. Further, if there is any credible evidence to support the verdict, we must reinstate the verdict and enter judgment thereon. *Fobbs* v. *Webb Building Ltd. Partnership*, 232 Va. 227, 349 S.E.2d 355 (1986).

Our review of the evidence leads us to the conclusion that, given the manner in which this case was tried, the jury verdict must be reinstated. There was seeming conflict in the testimony. Some witnesses testified that the road was only eight to nine feet wide. Others testified that it was twenty to thirty feet wide. From the pictures of the road which were admitted into evidence, it is obvious that the road was not a uniform width throughout its length. It varied in width from portions where only one vehicle could proceed in one direction to portions where two vehicles could pass side by side. Yet, the jury was not called upon by instructions, argument, or otherwise to determine the proper width of the road along its entire length. Instead, the jury was presented with an all or nothing, thirty-foot or eight-foot proposition. The manner in which the case was tried forced the jury to settle upon one number as the average width of the easement. The jury determined that number to be thirty feet.

There was credible evidence to support the thirty-foot finding. First, the jury took a view of the road. In addition, A. R. Lumpkin testified that in four or five places, the road was wide enough for two cars to pass abreast. He said the road had ditches beside it. One witness, Robert Brown, testified that the road was thirty feet wide in places and had always been that wide. Another witness said that from bank to bank the road was thirty to forty feet wide in places. Yet, another witness stated that he helped put two culverts under the road and that they were twenty-five feet long. He went on to say that he had worked on parts of the road that were twenty to thirty feet wide. This evidence was sufficient

to support the jury's verdict and, thus, the jury's verdict should not have been set aside.

In light of our disposition of these appeals, it is unnecessary for us to address any of the other issues raised by the parties. We will affirm that portion of the judgment related to the question of damages. We will reverse that portion of the judgment which set aside the jury's verdict that the right-of-way was thirty feet wide and will reinstate the jury's verdict on that issue. Further, we will enter final judgment here in favor of the McClamrochs.

*Affirmed in part,*
*reversed in part,*
*and final judgment.*