# CIRCUIT COURT OF THE CITY OF RICHMOND

Sandra L. Souders

v.

Graham D. Padgett, Jr., et al.

November 3, 1997

Case No. ML-5262

BY JUDGE RANDALL G. JOHNSON

This slip and fall case resulted in a jury verdict for $1,641.36, which is $1,000 above plaintiff's medical bills. At the conclusion of plaintiff's evidence, the court took defendant's motion to strike under advisement. Defendant's motion to strike was also taken under advisement at the conclusion of all the evidence. The motion to strike will now be sustained.

The party receiving a favorable jury verdict is entitled to "the benefit of all substantial conflict in the evidence and all fair inferences that may be drawn therefrom." *Ashby v. Faison & Associates,* 247 Va. 166, 167, 440 S.E.2d 603 (1994) (*quoting Fobbs v. Webb Building Ltd. Partnership,* 232 Va. 227, 230, 349 S.E.2d 355 (1986), *in turn quoting Walton v. Walton,* 168 Va. 418, 423, 191 S.E.2d 768 (1937)). Under that standard, the evidence in this case is that before 1993 or 1994, defendants, the owner and manager of an office building, had been told on at least four occasions that people had slipped and fallen on the tile floor of their building when it was raining. In 1993 or 1994, mats or "runners" were put on the floor to address the problem. The runners covered part, but not all, of the tile floor. Among the areas not covered was the area just outside the women's restroom. After the runners were put down, three or four other people fell, and defendants were also aware of their falling. No other precautions were taken.

On March 28, 1996, it was raining. While in defendant's building on business, plaintiff walked toward the restroom. As she stepped off the runner and onto the tile floor, she slipped and fell. Although her shoes were "damp," neither she nor the only other eyewitness saw any water on the floor, either

before her fall or afterwards. There was no evidence as to how long it had been raining or how hard it was raining during the time leading up to her fall. It was plaintiff's argument to the jury, and it is now her argument to the court, that because defendants were on notice that their floor was dangerously slippery when wet and because it was raining and her shoes were damp when she fell, she has sufficiently proved both negligence and causation to justify a verdict in her favor. Defendants argue that the evidence was not sufficient to allow the case to go to the jury. The court agrees with defendants.

First, the court is not satisfied that plaintiff adequately proved that she fell because defendant's floor was wet. All she proved is that it was raining, that her shoes were damp, and that in the past other people had fallen on that floor when it was raining. There was no direct evidence that rain had anything to do with plaintiff's fall. While the court recognizes that "[a]ny fact that may be proved by direct evidence may be proved by circumstantial evidence,"[1] plaintiff's "proof" in this case is little more than conjecture and speculation. Indeed, if all that is needed to prove causation is a history of falls and rain, every owner of every building can look forward to having a jury determine whether the next person who falls in his/her/its building the next time it rains is entitled to compensation. Causation was not proven here.

Just as important as plaintiff's failure to prove causation was plaintiff's failure to prove negligence, and this is true in spite of plaintiff's evidence, even considered in the light most favorable to her, that defendants were on notice that their floor was slippery when it rained and that other people had fallen after the runners were put down. In *Ashby v. Faison, supra*, Ashby fell in an office building while it was raining. The evidence showed, as the evidence showed here, that the floor in that building "became slippery when wet." 247 Va. at 168. The evidence also showed, contrary to the present plaintiff's failure to show, that Ashby's fall *was* caused by water on the floor:

> Ashby walked the length of the rain mat, which she described as "soaked with water," took several steps on the marble floor, then "slipped and fell in the puddles of water that had gathered there." She did not see the water before she fell, but when she "got up [she] brushed the side of [her] clothes ... and they were wet." When she "looked down at the floor ... there were puddles of water."

---

[1] Virginia Model Jury Instruction No. 2.100. *See also Bailey v. Kerns*, 246 Va. 158, 431 S.E.2d 312 (1993); *Northern Virginia Power Co. v. Bailey*, 194 Va. 464, 470-72, 73 S.E.2d 425 (1952).

247 Va. at 168.

It was Ashby's argument there, as it is Souders' argument here, that such evidence was sufficient to take the case to the jury. Specifically:

> Ashby says that foreseeability is the appropriate test for determining whether the defendants breached their duty. Ashby argues "there was sufficient evidence from which the Jury could have found that it was raining on the morning of the accident and that the defendants had actual or constructive notice that, whenever it rained, it was foreseeable that water would be brought into the building and the floor would become slippery and create a hazardous condition for invitees."

247 Va. at 169.

The Supreme Court rejected Ashby's argument. Contrasting cases in which building owners are alleged to have engaged in some affirmative conduct to *create* a hazardous condition, such as *Memco Stores, Inc. v. Yeatman*, 232 Va. 50, 348 S.E.2d 228 (1986) ("slimy" leaf that had fallen from a plant while being moved by defendant's employee), from cases in which an owner's conduct is "passive" in failing to remove or warn of a hazard created by someone or something other than the owner, such as *Ashby* and, by necessary implication, the case at bar, the Court said:

> In these circumstances, we think the applicable standard is whether the defendants had actual or constructive notice, that is, whether they knew or should have known, of the presence of the water that caused Ashby's fall and failed to remove it within a reasonable time or to warn of its presence.

247 Va. at 170.

Because Ashby failed to show that the owners of the building knew or should have known that water was on the floor before she fell, negligence was not proved:

> [T]here was no evidence here that any person, including Ashby herself, knew of the existence of water on the lobby floor before she fell. So there was no showing that the defendants actually knew of the existence of a hazardous condition before Ashby fell or that the condition had existed long enough that the defendants should have

known of its existence in time to remove it or to warn Ashby of the danger.

*Id.*

The same is true here. As pointed out earlier, plaintiff and her only eyewitness did not see any water on the floor, either before she fell or afterwards. Nor did anyone else. Also as pointed out earlier, there was no evidence concerning how long it had been raining or how hard it was raining. All we know is that it was raining. Thus, for all practical purposes, the situation here is exactly as it was in *Ashby*. A plaintiff's verdict there was not allowed to stand. Plaintiff's verdict here cannot be allowed to stand.

Finally, the court is not unmindful of the present plaintiff's evidence of other falls on defendants' floor when it had rained in the past, thus putting defendants on notice that their floor was hazardous when it rained. That allegation, however, is no different from Ashby's allegations that those defendants knew that the floor on which she fell was "slippery when wet" (247 Va. at 168) and that those defendants had actual or constructive knowledge of the "hazardous condition" (*id.* at 170). While there was no evidence in *Ashby* that anyone had actually slipped and fallen on that floor in the past — at least no such evidence is reflected in the Supreme Court's opinion — that fact simply makes no difference. Indeed, what is the point of noting that a floor is slippery when wet except to imply that people will slip on it? More importantly, we have absolutely no idea *why* the prior falls occurred. For example, did they occur after a heavy rainstorm or a drizzle? Did they occur because the runners were so wet that they could not absorb the moisture from people's shoes? Did they occur because of puddles on the floor or simply because the people falling had "damp" shoes? Were the people who fell contributorily negligent? Without the answers to at least those questions, plaintiff's reliance on the fact that previous falls occurred is misplaced. There simply was not enough evidence to take this case to the jury, and defendants' motion to strike is now sustained.