# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Mildred Lynn Messer

v.

Ricky Edward East et al.

November 22, 2000

Case No. 99-81

BY JUDGE EDWARD L. HOGSHIRE

Defendants, Interim Personnel of Central Virginia, Inc., ("Interim") and the Alumni Association of the University of Virginia ("Association"), have filed motions to set aside the jury verdict awarding $100,000 compensatory damages against Interim, the Association, and Mr. East jointly and severally plus interest from November 27, 1998, on $12,500. Interim has also filed a motion for summary judgment on their cross-claim for indemnification from the Association. Having considered the arguments of each party's briefs, for the reasons set forth below, the Court denies Defendants' motions to set aside the verdict and Interim's summary judgment motion.

## Statement of Facts

Plaintiff, Mildred Messer, brought this action as a result of being rear-ended by a vehicle struck by Mr. East on November 27, 1998. Mr. East had been a temporary employee contracted out by Interim since 1996. The Association hired Mr. East through Interim to work as Assistant Building Manager. The job description prepared by the Association specified that the individual must have a valid driver's license. Cindy Garver, Vice-President of the Association, testified that Interim advised her that Mr. East had a valid driver's license and "a good driving record." Interim's witness, Dennis Bianchetto, denies this. In fact, Mr. East had two convictions for driving under

the influence (DUI) offenses, did not have a valid driver's license, and had been adjudicated a habitual offender. Even though Mr. East gave Interim written permission to gain access to his criminal and driving records, there is no evidence that Interim conducted an investigation. According to Ms. Garver, the Association would not have hired Mr. East had it known of his driving record.

One of Mr. East's job duties was to drive in the Association's pick-up truck to the post office to deliver mail. Mr. East was not given permission to use the truck for personal use nor for use outside of business hours. On November 25, the Wednesday before Thanksgiving, Mr. East, without authorization, took the truck, drove it home, and then drove it to Richmond on Thanksgiving. The following day, Mr. East returned from Richmond and later that day began drinking and driving around the streets of Charlottesville. During such activities, Mr. East caused the accident at issue in this case. He later pleaded guilty to a petty larceny charge for stealing the truck.

*Discussion*

A. *Defendants' Motions to Set Aside the Verdict*

Defendants Interim and the Association argue that Mr. East's actions were not sufficiently foreseeable to hold either of the Defendants liable under a theory of negligent hiring. Interim cites one Virginia Supreme Court case, ·*Southeast Apartments Management, Inc. v. Jackman*, 257 Va. 256 (1989), a negligent hiring case, for the proposition that Mr. East's lack of a driver's license and criminal record of two DUI's in the eight years before the theft would not alert a reasonable employer to the prospect that an employee might take a vehicle without permission and cause harm to a member of the public. However, in *Jackman*, the Supreme Court held that writing bad checks would not cause a potential employer to predict that an applicant for a maintenance position might sexually assault the tenant. *Jackman* is not analogous to this case because the criminal history in *Jackman* was entirely unrelated to the crime with which the defendant was charged. Mr. East's negligence in drinking and driving is precisely the conduct for which he had been convicted two times in the past.

Defendant Interim has cited numerous cases from other jurisdictions in support of its position on foreseeability. The Court agrees with Plaintiff that none of these cases have application here. In *VEPCO v. Savoy Const. Co.*, 224 Va. 36, 46 (1982), the Virginia Supreme Court, relying on the *Scott v. Simms*, 188 Va. 808, 817-18 (1949), decision defined the level of foreseeability

necessary for a defendant's negligence to be the proximate cause of an injury: "it is necessary not that the precise occurrence be foreseen, but only that a reasonably prudent person under similar circumstances ought to have anticipated 'that an injury might probably result from the negligent acts'." *New Bay Shore v. Lewis*, 193 Va. 400, 409 (1952); *Scott*, 188 Va. at 817-18. The instructions given to the jury reflect the Supreme Court's formulation:

> If you believe that the plaintiff has failed to prove that it was reasonably foreseeable that Mr. Ricky East would take the vehicle without permission from the Alumni Association, and later get drunk, and rear-end a vehicle, which resulted in rear-ending the plaintiff's vehicle, which resulted in injuring the plaintiff's vehicle, which resulted in injuring the plaintiff, you shall find your verdict in favor of Interim Personnel of Central Virginia, Inc., and University of Virginia Alumni Association.

The jury applied the instructions of law to the evidence presented at trial and concluded that Mr. East's propensity to drink and drive was foreseeable based on his past record.

To overturn a jury's verdict, the defendant must prove that the verdict was "plainly wrong or without credible evidence to support it." *Commonwealth v. McNeely*, 204 Va. 218, 222 (1963). The Court finds no basis to overturn the jury verdict. Hiring a person with Mr. East's driving record for a position requiring operation of a vehicle is sufficient evidence for a jury finding of negligent hiring.

## B. *Defendant Interim's Motion for Summary Judgment*

Interim requests summary judgment on its cross-claim for indemnification against the Association based on language included on the back of Mr. East's Interim time card, signed by Ms. Garver. This language is listed under the heading "Conditions of Service":

> 4. CLIENT [Association] agrees to defend, indemnify, release and hold harmless COMPANY [Interim] from any claims, damages or penalties, attorney's fees or property damage, arising out of the use or operation of CLIENT's owned, non-owned or leased vehicles, machinery or equipment by COMPANY employees; the use or operation of COMPANY employee's own vehicle while on assignment to client; from any claims of or on behalf of COMPANY

employees . . . . It is the intent of COMPANY and CLIENT that CLIENT's obligation to defend, indemnify, release and hold harmless COMPANY extend to COMPANY's own negligent acts or omissions and to the negligent acts or omissions of COMPANY employees. CLIENT agrees that any negligence of COMPANY or a COMPANY employee while acting in the course and scope of his or her assignment shall be imputed to CLIENT.

The intent of this provision is to protect Interim from liability arising from an employee's negligent operation of machinery, equipment, or motor vehicles. However, the jury assessed liability against Interim and the Association based on negligent hiring, not negligent automobile operation. Additionally, a plain and natural reading of this provision would only impute liability to the client arising from employee negligence when the employee was acting in the course and scope of his or her assignment. Mr. East, however, was joyriding which is clearly outside the scope of his employment. Accordingly, this provision is inapplicable to the issue resolved by the jury, that is, the failure to properly investigate and evaluate Mr. East's suitability for the position offered by the Association. To adopt Interim's interpretation of this language would allow it to escape liability for its own negligence, which preceded and precipitated the injuries to the Plaintiff. Therefore, the Court denies Interim's motion for summary judgment.

## Conclusion

For the above-stated reasons, the Court denies Defendants', Interim's and the Association's, motions for judgment not withstanding the verdict. The Court also denies Interim's motion for summary judgment on its cross-claim for indemnification against the Association.