COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, O'Brien and Chaney
Argued by videoconference


JULIA BARBOUR

MEMORANDUM OPINION* BY
v.     Record No. 1118-22-3     JUDGE VERNIDA R. CHANEY
AUGUST 15, 2023

CARILION MEDICAL CENTER, D/B/A
  CARILION ROANOKE MEMORIAL HOSPITAL


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
David B. Carson, Judge

Charles R. Allen, Jr., for appellant.

(Patrick R. Kelly; Paul C. Kuhnel; Lewis, Brisbois, Bisgaard &
Smith LLP, on brief), for appellee. Appellee submitting on brief.


Following a bench trial on Julia Barbour's slip-and-fall negligence claim, Barbour appeals

the trial court's judgment entered in favor of the defendant, Carilion Medical Center (Carilion).

Barbour contends that the trial court erred in (1) finding that Carilion was not negligent and

dismissing Barbour's personal injury action with prejudice and (2) finding that Barbour was

contributorily negligent. For the following reasons, this Court affirms the trial court's judgment in

favor of Carilion.

BACKGROUND

In March 2017, Barbour filed a personal injury action alleging that she was injured when

she slipped on a wet floor in Roanoke Memorial Hospital, a Carilion facility. A bench trial on

Barbour's complaint was held in October 2019.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

At trial, Barbour testified that on July 26, 2015, she slipped and fell on a wet floor when she and her niece, Fay Bullock, visited Bullock's daughter, a patient at the hospital. According to Barbour, she and Bullock left the patient's room after a janitor had entered the room. Barbour testified that, after the janitor left, she and Bullock returned to the patient's room, at which point Barbour slipped on the wet floor. According to Barbour, she fell in "a nice size little puddle." R. 201. Barbour testified that she used a sheet to soak up the water. Barbour also testified that at the time of her fall, she was wearing "cheap flip[-]flops." *Id.* at 184.

During cross-examination, Barbour admitted that she did not see the janitor in the patient's room. She also testified that she did not look at the floor when entering the room and that she "may have said" during her deposition that there was a "big bunch of water" on the floor. *Id.* at 197, 201.

At the conclusion of Barbour's case-in-chief, Carilion moved to strike on the grounds that Barbour had failed to prove a prima facie case of negligence. By order dated October 24, 2019, the trial court granted Carilion's motion to strike and ruled that Barbour was contributorily negligent as a matter of law.

Barbour appealed to the Supreme Court of Virginia, which held that the trial court erred by granting Carilion's motion to strike because "Barbour proved a prima facie case against Carilion." *Barbour v. Carilion Medical Center*, No. 200136, slip op. at 3 (Va. Apr. 15, 2021).[1] The Supreme Court further held that "[a]s the motion to strike was granted before Carilion presented evidence in this case, Carilion did not meet its burden of proof" with respect to its contributory negligence claim. *Id.* at 4. The Supreme Court remanded the case to the trial court "for further consideration in light of this order." *Id.* at 5.

---

[1] The trial court's 2019 order was entered prior to the expansion of this Court's jurisdiction to include appeals of final judgments in civil tort cases. *See* 2021 Va. Acts Spec. Sess. I, ch. 489.

On remand to the trial court, the parties agreed to incorporate the transcript of the October 2019 trial "without the need to duplicate any evidence contained therein" and Barbour rested her case-in-chief based on the incorporated evidence. During Carilion's case-in-chief, Andrea Murry, a registered nurse, testified that she helped Barbour up after Barbour alleged that she had fallen. According to Murry, Barbour stated she "wasn't hurt" by the alleged fall. R. 244. Murry further testified that she did not observe a janitor enter the patient's room and she observed no puddles or water on the floor of the room, nor any "signs of water" on Barbour. *Id.* at 242-45. Murry also testified that the hospital's janitors did not clean patients' rooms using wet mops and buckets, but instead used "a dry kind of mop" or cloth. *Id.* at 244.

At the conclusion of all the evidence, the trial court pronounced that "the [c]ourt does not find either Ms. Barbour or Ms. Bullock to be credible witnesses. The [c]ourt finds Ms. Murry to be a wholly credible witness." *Id.* at 266. In so finding, the trial court noted that it did not find that Barbour had any evil intent or nefarious purposes. The trial court expressly found that Carilion "did not violate any duty that was owed to [Barbour] . . . [a]nd [Barbour] has not carried [her] burden of establishing such . . . ." *Id.* The court concluded that apart from the non-credible testimony of Barbour and Bullock, "there is no evidence that the water, to the extent any existed, was the result of any actions by any Carilion employee, including the janitor." *Id.* at 267. The trial court further found:

> to the extent water was present, which, again, the [c]ourt does not find, there are multiple potential causes of that water that include coming from the plaintiff herself, the patient, the patient's mother. And the plaintiff hasn't carried her burden of proving that it was the result of action or inaction by the defendant.

*Id.* Additionally, the trial court expressly found that "to the extent any water existed, and the [c]ourt hasn't so concluded, it was open and obvious." *Id.* at 268. In the alternative, the trial court found

that "Barbour failed to exercise reasonable care for her own safety," noting Barbour's admission that she was wearing flimsy flip-flops. *Id.*

By final order entered in July 2022, the trial court found that Carilion was not negligent and dismissed Barbour's personal injury action with prejudice. The trial court also ruled that Barbour was contributorily negligent as a matter of law. This appeal followed.

## ANALYSIS

"Pursuant to Code § 8.01-680, the standard of review for determining the sufficiency of evidence on appeal is well established." *Sidya v. World Telecom Exch. Commc'ns, LLC*, 301 Va. 31, 37 (2022) (quoting *Nolte v. MT Tech. Enters., LLC*, 284 Va. 80, 90 (2012)). "The reviewing court must examine the evidence in the light most favorable to . . . the prevailing party at trial, and the trial court's judgment will not be disturbed unless it is plainly wrong or without evidence to support it." *Id.* (alteration in original) (quoting *Nolte*, 284 Va. at 90). On appellate review of a trial court's factual findings, this Court defers to the trial court's credibility determinations, which may only be disturbed if the evidence is inherently incredible. *See Gerald v. Commonwealth*, 295 Va. 469, 486 (2018). Evidence is not inherently incredible "unless it is 'so manifestly false that reasonable men ought not to believe it' or 'shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Id.* at 487 (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)).

A property owner owes an invitee a common law duty of "ordinary care to have the premises in a reasonably safe condition for her visit." *See Ashby v. Faison & Assocs., Inc.*, 247 Va. 166, 169 (1994); *Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 182 (1990). In a slip-and-fall negligence action involving a floor made slippery by water, where there is no evidence of affirmative conduct by the defendant that caused the accumulation of water on the floor, the plaintiff must show that the defendant had actual or constructive notice of the water

that caused the fall and either failed to remove it within a reasonable time or failed to warn of its presence. *See Ashby*, 247 Va. at 169-70 (holding that there was no negligence where there was no evidence that the property owner knew there was water on the floor). However, a property "owner has no duty to warn its invitee of an unsafe condition which is open and obvious to a reasonable person exercising ordinary care for his own safety." *See Fobbs v. Webb Bldg. Ltd. P'ship*, 232 Va. 227, 229 (1986).

Taking the evidence in the light most favorable to Carilion and deferring to the trial court's credibility determinations, this Court holds that the trial court's judgment in favor of Carilion is not plainly wrong and is supported by the evidence. The trial court expressly found that Barbour and her niece, Bullock, lacked credibility and Carilion's witness, Nurse Murry, was "wholly credible." Thus, the trial court credited Murry's testimony that (i) there was no visible water on the floor where Barbour fell and (ii) the hospital's janitors used dry cloth wipes—not water—to clean the floors of patients' rooms. The trial court also expressly found that there was no credible evidence that any water, to the extent any existed, was the result of any actions by any Carilion employee, including the janitor. Thus, the trial court found that any water present was not due to any affirmative conduct of Carilion, and there was no credible evidence that Carilion had actual or constructive notice that there was water on the floor, constituting a hazardous condition. *See Ashby*, 247 Va. at 169-70 (no negligence where there is no evidence either that defendant caused water to be on the floor or that defendant had actual or constructive knowledge of a hazardous condition). Additionally, the trial court expressly found that "to the extent any water existed . . . it was open and obvious." *See Fobbs*, 232 Va. at 229 (no duty to warn where danger is open and obvious). Because Murry's testimony was not inherently incredible and the evidence supports the trial court's findings, the trial court did not err in finding that Carilion was not negligent. *See Ashby*, 247 Va. at 169-70; *Fobbs*, 232 Va. at 229.

Barbour contends that the trial court erred in finding that Carilion was not negligent because there is nothing in the record supporting the trial court's findings that Barbour and Bullock were not credible and the trial court made no findings to establish a reason for its credibility determinations. Barbour argues that her testimony and Bullock's testimony were mutually corroborative and that Murry's conflicting testimony was due to Murry's failure to accurately recall events that occurred seven years before the trial. However, this Court will not disturb the trial court's credibility determinations unless the evidence is inherently incredible. *See Gerald*, 295 Va. at 486. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." *Id.* (quoting *Elliott v. Commonwealth*, 277 Va. 457, 462 (2009)). This Court finds no basis in the record to support a finding that Murry's testimony was inherently incredible, and Barbour identifies nothing in the record to support such a finding. Accordingly, this Court will not disturb the trial court's credibility determinations.

Because this Court finds no error in the trial court's judgment that Carilion was not negligent, we need not address Barbour's contention that the trial court erred in finding that she was contributorily negligent. *See Balderson v. Robertson*, 203 Va. 484, 489 (1962) (declining to reach defense of contributory negligence after holding that there was no negligence); *Orndoff v. Commonwealth*, 77 Va. App. 766, 770 n.2 (2023) ("Virginia appellate courts . . . 'strive to decide cases on the best and narrowest grounds available.'" (internal quotation marks omitted) (quoting *Alexandria Redevelopment & Hous. Auth. v. Walker*, 290 Va. 150, 156 (2015)).

CONCLUSION

The trial court did not err in finding that Carilion was not negligent. Therefore, this Court affirms the trial court's judgment in favor of Carilion.

*Affirmed*.