KATHLEEN H. KENDRICK

v.

VAZ, INC., ET AL.

Record No. 911845

September 18, 1992

Present: All the Justices

*John A. Gibney, Jr. (Stephen W. Bricker; Shuford, Rubin & Gibney*, on brief), for appellant.
*W. Joseph Owen, III (Cowan & Owen*, on brief), for appellees.

JUSTICE KEENAN delivered the opinion of the Court.

In this personal injury case, we consider whether the trial court erred (1) in excluding the testimony of the plaintiff's expert witness and (2) in striking the evidence and entering final judgment in favor of the defendants.

Kathleen H. Kendrick fell and broke her ankle while pushing her children on a merry-go-round on the premises of a Holiday Inn where she and her family were staying. This Holiday Inn was owned and operated by Vaz, Inc. and others (collectively Vaz). Kendrick filed a motion for judgment against Vaz, asserting that Vaz was negligent in failing to maintain the premises in a reasonably safe condition and in failing to give a reasonable warning of any concealed or unsafe conditions on the premises.

The accident occurred on Kendrick's first visit to the playground area. She did not look on the ground for any dangerous conditions because she assumed that the play area was safe. Kendrick testified that as she was pushing the merry-go-round at a "fast clip," she heard "a crack like firewood, and felt [her] foot slip into a hole." She testified that although she felt the hole, she did not see it. She also testified that nothing prevented her from observing the condition of the ground all around the merry-go-round; however, its circular seat blocked her view of the ground directly underneath.

During cross-examination, Kendrick was asked whether she told a hotel investigator 30 days after the accident that the ground was level. Kendrick testified that she did not remember and, therefore, that she could not deny having made this statement.

Bruce Adams, the maintenance engineer at the Holiday Inn, testified that there were tracks alongside the merry-go-round where the grass had been worn off. As a result, there was a three-quarter inch dip in the ground surface. He described this condition as "abused" earth. In contrast, Adams described the ground underneath the seat of the merry-go-round as being level and covered with grass. This level area extended nine inches underneath the merry-go-round directly below the seats. Inside this grassy strip was another area of abused ground which was caused by the dragging feet of the seated riders. Adams testified that, to reach this interior area from outside the merry-go-round, a foot would have to extend beyond nine inches under the seat.

Kendrick offered Elizabeth Campbell as an expert witness in playground materials and safety. The trial court excluded Campbell's testimony, ruling that the condition of the playground surface was not a proper subject for expert opinion.

After Kendrick rested her case, Vaz moved to strike her evidence asserting that Kendrick failed to establish that a dangerous condition, which was not open and obvious, existed on the premises. The trial court took Vaz's motion under advisement.

Stephanie Leap, an investigator for Holiday Inn, testified for the defense that she interviewed Kendrick shortly after the accident. Leap testified that Kendrick stated:

"[I]t was level ground, and it wasn't wet. It wasn't muddy. The only thing that I can think of is that maybe there was a little bit of a hole underneath it so that a person's foot could fall in, but

I don't really remember if that was the case. You know when it happened, it just hurt, and I just really don't remember.''

According to Leap, at another point in their conversation, Kendrick said, ''the dirt was a little bit of a hole, and I think my foot fell in that a little bit as I was running and it twisted.''

Gregory L. Foster, who was general manager of the Holiday Inn at the time of the accident, testified that he examined the ground surface after Kendrick's fall and found no holes in the path around the merry-go-round. He further testified that he did not remember seeing any holes underneath the structure.

Philip G. Stead, who was a maintenance mechanic at the Holiday Inn at the time of the accident, testified that he examined the area where Mrs. Kendrick fell and that he did not observe a hole either in the path around the merry-go-round or underneath it.

At the conclusion of its evidence, Vaz renewed its motion to strike. The trial court took the motion under advisement and submitted the case to the jury. The jury returned a verdict for Kendrick in the amount of $300,000. The trial court then granted the motion to strike, set aside the jury's verdict, and entered final judgment in favor of Vaz. This appeal followed.

Kendrick contends that the trial court erred in excluding Elizabeth Campbell's testimony. She asserts that Campbell would have established the existence of a national standard of care in playground surface selection, as well as Vaz's violation of this standard. Kendrick argues that Campbell's testimony also would have established that the surface of the Holiday Inn's playground was unsafe and that it contributed to Kendrick's injuries. In response, Vaz asserts that Campbell's testimony was inadmissible because it addressed an issue on which the jury was competent to form an intelligent and accurate opinion.

The proffered testimony included Campbell's opinion that the playground surface at the Holiday Inn was unsafe because it was not constructed of a resilient material such as mulch. Campbell would also have testified that, because of its surface composition, the playground failed to meet the safety recommendations issued by the Consumer Product Safety Commission. Finally, Campbell would have testified that these recommendations constitute a national standard of care which is applicable to all playground areas.

■ We hold that the trial court properly excluded Campbell's proffered testimony. Kendrick did not aver in her motion for judgment that the playground surface was composed of an unsafe material. Further, the issue framed by Kendrick's own testimony, as well as that of Adams, was whether there was a hole in the ground in the area of the merry-go-round, which constituted an unreasonably dangerous condition. Thus, the issue Kendrick presented, by her pleadings and her testimony, was not a proper subject for expert opinion. "It is settled law in Virginia that expert evidence is inadmissible on matters of common knowledge or those as to which the jury are as competent to form an intelligent and accurate opinion as the witness." *Grasty* v. *Tanner*, 206 Va. 723, 726, 146 S.E.2d 252, 254 (1966); *accord Lopez* v. *Dobson*, 240 Va. 421, 423, 397 S.E.2d 863, 865 (1990); *Hill* v. *Lee*, 209 Va. 569, 573, 166 S.E.2d 274, 277 (1969). Here, the jury was equally as capable as Campbell of reaching an informed opinion on the above-stated issue.

■ We turn next to consider whether the trial court erred in striking the evidence and setting aside the jury's verdict. Where the trial court has set aside a jury verdict, that verdict is not entitled to the same weight as a verdict which has been approved by the trial court. *Guill* v. *Aaron*, 207 Va. 393, 396, 150 S.E.2d 95, 98 (1966). Nevertheless, this Court must accord the party who received the verdict the benefit of all substantial conflict in the evidence, as well as all reasonable inferences that could be drawn therefrom.* *Fobbs* v. *Webb Building Ltd. Partnership*, 232 Va. 227, 230, 349 S.E.2d 355, 357 (1986). However, if a jury necessarily has reached its conclusions based on speculation and conjecture, the plaintiff's case fails. *See id.*

■ We find that the trial court did not err in ruling that "to find that [an unsafe condition] did exist would involve the rankest of speculation based on the evidence." While Kendrick asserted that she felt her foot slip into a hole in the ground, she also testified on direct examination that "I didn't feel a rut or a hole in the ground. I think that is why everything is inconsistent with that." Later, when asked how she knew there was a hole in the ground if she did not

---

* We disagree with Kendrick's contention that the motion to strike which was made at the conclusion of Kendrick's evidence limits our review to an evaluation of only the evidence offered by Kendrick. Vaz renewed its motion to strike at the conclusion of all the evidence. Thus, in ruling on the motion to strike, the trial court was required to consider all the evidence which had been placed before the jury. *Spangler* v. *Commonwealth*, 188 Va. 436, 438, 50 S.E.2d 265, 266 (1948).

see it, Kendrick responded, "I felt my foot slip, and I heard my foot crack like firewood."

Regarding the ground surface, Kendrick testified that, while she did not observe the ground, "I do know that it was not level, because I remember feeling my feet, my foot slip underneath it." However, Kendrick also testified that the ground "could have been unlevel. It could have [been] level."

■ To recover against the owner of premises, an injured invitee must first establish the existence of an unsafe condition on the premises. *See Roll 'R' Way Rinks* v. *Smith*, 218 Va. 321, 327, 237 S.E.2d 157, 161 (1977). In the case before us, neither the aggregate of Kendrick's testimony, nor any other evidence adduced at trial, provided the jury with a basis for anything more than conjecture regarding whether an unsafe condition existed in the ground surface around and underneath the merry-go-round. Since the jury was left to speculate whether such a condition existed, Kendrick's case necessarily fails. *See Fobbs*, 232 Va. at 230, 349 S.E.2d at 357.

Thus, we hold that the trial court properly struck the evidence, and we will affirm the judgment of the trial court.

*Affirmed.*