# Marion L. Holcombe

## v.

# NationsBanc Financial Services Corporation

Record No. 931866

November 4, 1994

Present: All the Justices

*Robert L. Mills (Rutter & Montagna*, on brief), for appellant.
*Vicki H. Devine (William G. Atkinson; Furniss, Davis, Rashkind and Saunders*, on brief), for appellee.

CHIEF JUSTICE CARRICO delivered the opinion of the Court.

In this negligence action, the plaintiff, Marion L. Holcombe, filed a motion for judgment against the defendant, NationsBanc Financial Services Corporation, seeking to recover damages for personal injuries sustained in an incident occurring in the defendant's branch office at Virginia Beach. At the conclusion of all the evidence, the trial court struck the plaintiff's evidence and entered summary judgment in favor of the defendant. Concluding that the trial court erred, we will reverse.

Because the trial court sustained the defendant's motion to strike, we will state the evidence in the light most favorable to the plaintiff. *Higgins v. Bowdoin*, 238 Va. 134, 136, 380 S.E.2d 904, 905 (1989). Employed by a commercial cleaning service, the plaintiff was assigned to clean the defendant's branch office. In a bathroom provided for the use of employees and customers, the defendant had stored two heavy partitions that previously had been bolted to a wall in another part of the office. Everyone using the bathroom "had to walk by these partitions."

Placed on edge on the bathroom floor, the partitions rested flush against each other with the top resting on a wall just inside the bathroom door and the bottom extending into the room approximately six inches. A space of only four inches separated the wall from the inside edge of the door jam, and, had the bottom of the

partitions been placed farther from the wall, entrance to the bathroom would have been obstructed.

Although the defendant's branch manager was aware that the partitions might "topple," no measures were taken to secure the partitions to prevent them from falling. However, they had not fallen during the several months they had been stored in the bathroom prior to the incident at issue in this case.

While engaged in cleaning the bathroom on the evening of April 10, 1991, the plaintiff was injured when the partitions toppled over and struck her on the shoulder, trapping her between the partitions and the commode. When asked on the witness stand "why the partitions fell like that," she said she "may have hit [them] with the vacuum [cleaner she had used in the bathroom]; but if [she] did, it was very slightly."

The parties agree that the plaintiff occupied the status of an invitee on the defendant's premises and that the defendant owed the plaintiff the duty "to use ordinary care to have the premises in a reasonably safe condition for [her] use . . . and . . . to warn [her] of any unsafe condition . . . except . . . an unsafe condition which is open and obvious." *Fobbs v. Webb Building Ltd. Partnership*, 232 Va. 227, 229, 349 S.E.2d 355, 357 (1986). The parties also agree that "[i]n order to successfully establish negligence on the part of [the defendant], the plaintiff [had the burden to] first prove that there was a defective condition [in the defendant's premises]."

When the defendant moved to strike the evidence at the conclusion of the plaintiff's case, the trial court took the motion under advisement. At the conclusion of all the evidence, the defendant renewed the motion and, this time, the court granted it. On each occasion, the defendant argued that the evidence failed to establish the existence of a defective or unsafe condition in its premises.

In granting the defendant's motion to strike, the trial court held that the plaintiff had failed to prove the existence of a defect in the defendant's premises. The plaintiff contends this holding was erroneous. She argues that she proved the defendant breached its duty and created a hazardous condition on its premises by storing the partitions in an unsafe place and in an unsafe manner. The plaintiff concludes that it was for the jury to decide whether the defendant used proper care in connection with the partitions.

On the other hand, the defendant argues that the trial court was correct in striking the plaintiff's evidence. According to the

defendant, all the plaintiff proved was that the partitions were stored against the wall of the bathroom and that they fell. "Without evidence of a defective or dangerous condition," the defendant opines, "the jury would have been left to speculate upon the cause of the partitions having fallen."*

We disagree with the defendant. " 'Unless the evidence is without conflict, or unless fair-minded [persons] cannot differ on the inferences to be drawn from it,' " the question whether the owner of the premises has exercised the required care toward his invitee is a matter for the jury. *Crocker v. WTAR Radio Corp.*, 194 Va. 572, 574, 74 S.E.2d 51, 53 (1953) (quoting *Knight v. Moore*, 179 Va. 139, 146, 18 S.E.2d 266, 270 (1942)).

" 'If an occurrence is one that could not reasonably have been expected the defendant is not liable. Foreseeableness or reasonable anticipation of the consequences of an act is determinative of defendant's negligence.' " *Montgomery Ward & Co. v. Young*, 195 Va. 671, 674, 79 S.E.2d 858, 860 (1954) (quoting *Dennis v. Odend'Hal-Monks Corp.*, 182 Va. 77, 80, 28 S.E.2d 4, 5 (1943)).

Here, the evidence was not without conflict, and we think fair-minded persons could disagree on the inferences to be drawn from the evidence. Specifically, we think a jury reasonably could infer from the evidence that it was foreseeable injury would result from storage of the partitions in the place and in the manner disclosed by the record. The fact, stressed by the defendant, that the partitions had remained in the bathroom for several months without incident does not detract from the foreseeability of injury occurring, albeit the injury occurred later rather than sooner. Accordingly, we think the jury should have been permitted to decide the issue of the defendant's negligence.

Because the case will be remanded to provide the plaintiff an opportunity to have a jury decide this issue, we must address a question that likely will recur upon retrial. Over the defendant's objection, the trial court permitted the plaintiff to show that, on

---

* The defendant suggests on brief that the plaintiff should have produced expert evidence to show the partitions "were prone to fall when stored straight or at any given angle." However, when, as here, the issue to be decided involves "matters of common knowledge or those as to which the jury are as competent to form an intelligent and accurate opinion as the [expert] witness," expert evidence is inadmissible. *Grasty v. Tanner*, 206 Va. 723, 726, 146 S.E.2d 252, 254 (1966). *See also* Code § 8.01-401.3(A) (permitting expert testimony when such testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue.")

the day after the plaintiff was injured, the defendant moved the partitions from the bathroom where they had been stored to an unoccupied office suite used by the defendant to store repossessed furniture. The defendant contends this evidence was admitted in violation of Code § 8.01-418.1, which reads:

When, after the occurrence of an event, measures are taken which, if taken prior to the event would have made the event less likely to occur, evidence of such subsequently taken measures is not admissible to prove negligence or culpable conduct as a cause of the occurrence of the event; provided, that evidence of subsequent measures taken shall not be required to be excluded when offered for another purpose for which it may be admissible, including, but not limited to, proof of ownership, control, feasibility of precautionary measures if controverted, or for impeachment.

■ The plaintiff argues that the disputed evidence was admissible because the "feasibility of precautionary measures" was controverted, within the meaning of the statutory language quoted above. We agree. To controvert means "[t]o dispute; to deny; to oppose or contest; to take issue on." *Black's Law Dictionary* 330 (6th ed. 1990). Feasibility became controverted in this case when the plaintiff raised the issue of precautionary measures with a defense witness and the witness stated there was no place "at all" to store the partitions other than the bathroom in the defendant's office. If the issue is raised upon retrial and is met with the same denial, the evidence of precautionary measures should again be admitted.

For the reasons assigned, the judgment of the trial court will be reversed, and the case will be remanded for a new trial.

*Reversed and remanded.*