Present:  All the Justices

DAVID A. PARKER ENTERPRISES, INC.
                    OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.
v.  Record No. 951189
                                    March 1, 1996
JACK WAYNE TEMPLETON, SR.

         FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Jerome B. Friedman, Judge


    The dispositive issue in this appeal is whether certain

opinion testimony of expert witnesses invaded the province of the

jury.

    Jack Wayne Templeton, Sr., sued David A. Parker Enterprises,

Inc. (Parker), seeking damages for injuries sustained in a

boating accident and allegedly caused by the negligence of a

Parker employee.  Parker denied that its employee was negligent.

 Following a jury trial, a verdict was returned in favor of

Templeton in the amount of $11,000.  The trial court denied

Parker's motion to set aside the verdict and entered judgment on

the verdict.  Parker appeals.

    Parker is in the business of renting "jet skis" for short-

term use.  On July 25, 1993, Templeton rented a jet ski from

Parker at Virginia Beach.  Thereafter, Templeton and other

patrons were transported from the oceanfront to deeper water in a

25-foot boat owned by Parker and operated by its employee,

Michael R. Benzel.  The boat was equipped with a 200-horsepower,

 outboard motor, and Parker used the boat to supervise and to

assist its patrons while skiing.

    After the boat reached its destination, Templeton began

operating the jet ski.  While riding it, Templeton lost his

balance and fell into the ocean. When Templeton was unable to get back onto the jet ski, Benzel maneuvered the boat toward him in an effort to assist him. While Benzel was rendering assistance, Templeton was injured by the boat's propeller.

At trial, Templeton testified that the propeller was rotating when it struck him, implying the engine was in gear. Benzel testified, however, that the boat was drifting and that the boat's engine was in neutral and not in gear when the boat was close to Templeton.

Templeton offered expert medical testimony of two physicians who had treated him for his injuries. Dr. James O. Carleo, a specialist in emergency medicine, saw Templeton in the emergency room of the Virginia Beach General Hospital shortly after the accident. Dr. Arthur W. Wardell, an orthopedic surgeon, examined Templeton on August 4, 1993. Both doctors described Templeton's injuries, consisting primarily of four lacerations on Templeton's left thigh and two lacerations on his right knee. Dr. Wardell described the wounds as a "slice type injury." Over Parker's objection, the trial court permitted Dr. Carleo to opine that Templeton's wounds were caused by "a rotating prop[eller]" and Dr. Wardell to opine that Templeton's injuries were caused by "a propeller [that was] in motion." This testimony supported Templeton's theory that Benzel was negligent in maneuvering the boat close to Templeton while the boat's engine was in gear.

Parker contends that the trial court erred in permitting

Templeton's doctors to testify that, based on the lacerations they observed on Templeton's legs, the boat's propeller was rotating at the time of the accident.  Parker asserts that the testimony invaded the province of the jury on the principal issue in the case; that is, whether the boat's propeller was rotating in gear at the time of the accident.  Templeton, on the other hand, contends that the doctors' opinions were admissible because they assisted the jury in determining whether the propeller was rotating in gear when he was injured.

An expert's opinion is admissible in evidence if it will assist the fact finder about a matter that is not within the range of common knowledge.  Lyle, Siegel v. Tidewater Capital Corp., 249 Va. 426, 436, 457 S.E.2d 28, 34 (1995).  An expert's opinion is inadmissible, however, if it relates to matters about which the fact finder is equally as capable as the expert of reaching an intelligent and informed opinion.  Kendrick v. Vaz, Inc., 244 Va. 380, 384, 421 S.E.2d 447, 449 (1992); Grasty v. Tanner, 206 Va. 723, 726, 146 S.E.2d 252, 254 (1966).

In the present case, it was appropriate for the doctors to testify that Templeton's wounds were inflicted by a sharp object because evidence about the type of injuries Templeton sustained was relevant and probative.  However, the evidence was in sharp conflict about whether the propeller was rotating in gear when Templeton was injured, and the doctors' opinion that the boat's propeller was so rotating clearly invaded the province of the

- 3 -

jury on this vital issue because the jury was equally as capable as were the doctors of reaching an intelligent and informed opinion and of drawing its own conclusion from the facts and circumstances of the case.  Moreover, the testimony was highly prejudicial.

We hold, therefore, that the trial court erred in allowing the doctors to opine whether the propeller was rotating in gear when Templeton was injured.  Accordingly, we will reverse the trial court's judgment and remand the case for a new trial consistent with this opinion.

<u>Reversed and remanded</u>.

JUSTICE KEENAN, with whom JUSTICE LACY joins, dissenting.

I dissent and would affirm the trial court's judgment.  The testimony of Dr. Wardell and Dr. Carleo was not within the range of common knowledge, did not invade the province of the jury, and was admissible evidence under Code § 8.01-401.3(B).

Expert testimony is admissible if it will aid the trier of fact in understanding a subject that is outside the scope of common knowledge.  <u>Lyle, Siegel</u>, 249 Va. at 436, 457 S.E.2d at 34.  Such testimony may be used to assist the fact finder in understanding the evidence or in determining a fact in issue.  Code § 8.01-401.3(A).

Here, Dr. Wardell testified that Templeton's injuries were "slice type" injuries.  Dr. Carleo testified that the wounds on Templeton's knee were parallel, narrow, clean, and deep.  He

- 4 -

stated that the wounds had an "arcus" shape, consisting of initially shallow cuts, then deeper cuts, followed by more shallow cuts.  Both physicians testified that, due to the spacing and nature of lacerations on Templeton's legs, the wounds were caused by a moving propeller.  In addition to their examination of Templeton's wounds, these physicians based their conclusions on their previous experience in treating lacerations, including some lacerations caused by propellers.  This testimony falls outside the range of common knowledge.

These expert opinions were admissible under Code § 8.01-401.3(B), which provides, in relevant part, that "[n]o expert . . . witness while testifying in a civil proceeding shall be prohibited from expressing an otherwise admissible opinion or conclusion as to a matter of fact solely because that fact is the ultimate issue or critical to the resolution of the case."  Thus, although the question whether the propeller was in motion and the engine was in gear was the ultimate factual issue to be decided in this negligence action, the physicians' testimony that Templeton's wounds were caused by a moving propeller was admissible under this provision.