JUSTICE STEPHENSON
delivered the opinion of the Court.
The dispositive issue in this appeal is whether certain opinion testimony of expert witnesses invaded the province of the jury.
Jack Wayne Templeton, Sr., sued David A. Parker Enterprises, Inc. (Parker), seeking damages for injuries sustained in a boating accident and allegedly caused by the negligence of a Parker employee. Parker denied that its employee was negligent. Following a jury trial, a verdict was returned in favor of Temple-ton in the amount of $11,000. The trial court denied Parker’s motion to set aside the verdict and entered judgment on the verdict. Parker appeals.
Parker is in the business of renting “jet skis” for short-term use. On July 25, 1993, Templeton rented a jet ski from Parker at Virginia Beach. Thereafter, Templeton and other patrons were transported from the oceanfront to deeper water in a 25-foot boat owned by Parker and operated by its employee, Michael R. Benzel. The boat was equipped with a 200-horsepower, outboard motor, and Parker used the boat to supervise and to assist its patrons while skiing.
After the boat reached its destination, Templeton began operating the jet ski. While riding it, Templeton lost his balance and fell into the ocean. When Templeton was unable to get back onto the jet ski, Benzel maneuvered the boat toward him in an effort to assist him. While Benzel was rendering assistance, Templeton was injured by the boat’s propeller.
At trial, Templeton testified that the propeller was rotating when it struck him, implying the engine was in gear. Benzel testified, however, that the boat was drifting and that the boat’s engine was in neutral and not in gear when the boat was close to Templeton.
*237 Templeton offered expert medical testimony of two physicians who had treated him for his injuries. Dr. James O. Carleo, a specialist in emergency medicine, saw Templeton in the emergency room of the Virginia Beach General Hospital shortly after the accident. Dr. Arthur W. Wardell, an orthopedic surgeon, examined Templeton on August 4, 1993. Both doctors described Templeton’s injuries, consisting primarily of four lacerations on Templeton’s left thigh and two lacerations on his right knee. Dr. Wardell described the wounds as a “slice type injury.” Over Parker’s objection, the trial court permitted Dr. Carleo to opine that Templeton’s wounds were caused by “a rotating prop[eller]” and Dr. Wardell to opine that Templeton’s injuries were caused by “a propeller [that was] in motion.” This testimony supported Templeton’s theory that Benzel was negligent in maneuvering the boat close to Templeton while the boat’s engine was in gear.
Parker contends that the trial court erred in permitting Templeton’s doctors to testify that, based on the lacerations they observed on Templeton’s legs, the boat’s propeller was rotating at the time of the accident. Parker asserts that the testimony invaded the province of the jury on the principal issue in the case; that is, whether the boat’s propeller was rotating in gear at the time of the accident. Templeton, on the other hand, contends that the doctors’ opinions were admissible because they assisted the jury in determining whether the propeller was rotating in gear when he was injured.
An expert’s opinion is admissible in evidence if it will assist the fact finder about a matter that is not within the range of common knowledge. Lyle, Siegel v. Tidewater Capital Corp., 249 Va. 426, 436, 457 S.E.2d 28, 34 (1995). An expert’s opinion is inadmissible, however, if it relates to matters about which the fact finder is equally as capable as the expert of reaching an intelligent and informed opinion. Kendrick v. Vaz, Inc., 244 Va. 380, 384, 421 S.E.2d 447, 449 (1992); Grasty v. Tanner, 206 Va. 723, 726, 146 S.E.2d 252, 254 (1966).
In the present case, it was appropriate for the doctors to testify that Templeton’s wounds were inflicted by a sharp object because evidence about the type of injuries Templeton sustained was relevant and probative. However, the evidence was in sharp conflict about whether the propeller was rotating in gear when Templeton was injured, and the doctors’ opinion that the boat’s propeller was so rotating clearly invaded the province of the jury *238 on this vital issue because the jury was equally as capable as were the doctors of reaching an intelligent and informed opinion and of drawing its own conclusion from the facts and circumstances of the case. Moreover, the testimony was highly prejudicial.
We hold, therefore, that the trial court erred in allowing the doctors to opine whether the propeller was rotating in gear when Templeton was injured. Accordingly, we will reverse the trial court’s judgment and remand the case for a new trial consistent with this opinion.

Reversed and remanded.