Present: Carrico, C.J., Compton, Stephenson,[1] Hassell, Keenan, and Koontz, JJ., and Poff, Senior Justice

PEGGY S. O'BRIEN

                           OPINION BY JUSTICE LAWRENCE L. KOONTZ, JR.

v.  Record No. 962461           September 12, 1997

EVERFAST, INC., ETC.

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge

The principal issue in this appeal is whether there was sufficient evidence of negligence by the defendant to support a jury verdict in favor of the plaintiff. We also consider whether the verdict should be set aside on the alternative ground that the plaintiff was contributorially negligent by exposing herself to a dangerous condition that was open and obvious.

On February 8, 1992, Peggy Sharon O'Brien was shopping at a Calico Corners fabric store operated by Everfast, Inc., in the City of Richmond. Fabric at the store was displayed on racks in bolts rolled around cardboard tubing approximately 60 inches in length. A bolt of fabric might weigh as much as 50 pounds when full.

When customers selected a fabric, the bolt would be removed from the rack and taken to a cutting table where the appropriate length of fabric could be measured and cut from the bolt. Everfast instructed its salespersons to replace bolts on the racks when fabric was not being measured and cut. Although the tables contained depressions that could hold a bolt of fabric in place,

[1]Justice Stephenson participated in the hearing and decision of this case prior to the effective date of his retirement on July 1, 1997.

these were to be used only to hold bolts from which fabric was being measured and cut.

Anne Coughenour, another customer at the store, selected four bolts of fabric and, with the assistance of friends or of an Everfast employee, removed the bolts from their racks and brought them to a cutting table. The employee placed the first bolt on the cutting table. The other three bolts were standing on end against an adjacent table. A handwritten statement by the plaintiff concerning the accident stated that the bolts had been leaned against the table by "[t]he salesperson or customer," and the word customer had been circled. Coughenour could not recall who carried the bolts of fabric to the table.

While O'Brien was walking near the table against which the bolts were leaning, one of the three bolts slid from the table, striking O'Brien's right heel or foot. As a result of the injury, O'Brien incurred over $6,300 in medical expenses.

On February 8, 1996, O'Brien filed a motion for judgment against Everfast seeking $300,000 in damages. In its grounds of defense, Everfast asserted that O'Brien's injury resulted solely from her own negligence or that she was contributorially negligent.

A jury trial was held in the Circuit Court of the City of Richmond on August 27, 1996. O'Brien presented evidence through her own testimony and that of Coughenour, as well as that of two Everfast employees called as adverse witnesses. At the conclusion of O'Brien's evidence, Everfast declined to put on a defense, and moved to strike the evidence and for summary judgment in its favor

on the ground that the evidence failed to show that it had breached any duty owed to an invitee on its premises. The trial court took the motion under advisement and permitted the case to be submitted to the jury, which returned a verdict in favor of O'Brien, awarding her $100,000 in damages.

Everfast renewed its motion to strike and moved to set aside the jury's verdict, again asserting that the evidence failed to show that Everfast had breached a duty of care. Expanding on the argument made at the conclusion of the evidence, Everfast asserted that O'Brien had failed to show that the employees had actual knowledge of the dangerous condition created by the bolts being leaned against the table. Absent sufficient evidence to draw an inference of such knowledge, Everfast maintained that the jury's verdict was at best speculative.

By final order dated September 6, 1996, the trial court sustained Everfast's motion to set aside the verdict and entered judgment for Everfast. Responding to a motion for reconsideration and clarification filed by O'Brien, the trial court declined to revisit its ruling and provided the following basis in support of its decision:

> . . . the court's decision was made immediately after trial and before its receipt of the defendant's post verdict motions. The decision was based upon the record as it existed at the adjournment of trial. . . .
>
> There is no[] evidence of who placed the bolt of cloth in a position to fall and strike the plaintiff, of the instrumentality which caused it to fall, how long the condition existed, that an employee had sufficient opportunity to observe, appreciate and correct the condition. There is no evidence upon which negligence of the defendant could have been determined without guesswork or speculation. Further, the condition was open and obvious.

## Discussion

We review the trial court's decision sustaining the motion to strike the evidence and set aside the jury's verdict in accordance with well-settled principles.

> When the sufficiency of a plaintiff's evidence is challenged by a motion to strike, the trial court should resolve any reasonable doubt as to the sufficiency of the evidence in plaintiff's favor and should grant the motion only when "it is conclusively apparent that plaintiff has proven no cause of action against defendant," or when "it plainly appears that the trial court would be compelled to set aside any verdict found for the plaintiff as being without evidence to support it."

Williams v. Vaughan, 214 Va. 307, 309, 199 S.E.2d 515, 517 (1973) (citations omitted). "A jury issue exists '[i]f there is conflict of the testimony on a material point, or if reasonably fair-minded [persons] may differ as to the conclusions of fact to be drawn from the evidence, or if the conclusion is dependent on the weight to be given the testimony.'" State Farm Mutual Automobile Insurance Co. v. Davies, 226 Va. 310, 319, 310 S.E.2d 167, 171 (1983)(quoting Hoover v. J.P. Neff & Son, Inc., 183 Va. 56, 62, 31 S.E.2d 265, 268 (1944)).

"Where the trial court has set aside a jury verdict, that verdict is not entitled to the same weight as a verdict which has been approved by the trial court." Kendrick v. Vaz, Inc., 244 Va. 380, 384, 421 S.E.2d 447, 449 (1992). Nevertheless, this Court will accord the party who received the verdict the benefit of all substantial conflict in the evidence, as well as all reasonable inferences that could be drawn therefrom. Fobbs v. Webb Building Ltd. Partnership, 232 Va. 227, 230, 349 S.E.2d 355, 357 (1986).

However, if a jury necessarily has reached its conclusions based on speculation and conjecture, the plaintiff's case fails. Id.

Here, the trial court's decision to set aside the verdict rests principally on its finding that there was insufficient evidence from which the jury could infer, without resorting to speculation or conjecture, that Everfast had actual knowledge of the dangerous condition created by the bolts having been leaned against the cutting table. We disagree with that decision.

Coughenour and the salesperson both testified that the salesperson was aware that Coughenour had selected more than one bolt of fabric. The salesperson further testified that she was aware of Everfast's policy that she was not to lean bolts against the cutting tables, that she was to have only one bolt of fabric at a cutting table, and that she was to return the bolt to its rack after the fabric was cut from it. This policy was "[f]or safety and to keep the store neat." Coughenour testified that while the salesperson was cutting fabric from the first bolt, the remaining three were leaning against the adjoining cutting table in plain view. The report of the accident states that the bolt of fabric which fell and injured O'Brien was leaned against the cutting table either by "[t]he salesperson or customer." These facts were sufficient to permit the jury to find, without resorting to speculation or conjecture, that the salesperson knew of the potential danger.

The absence of evidence as to what caused the bolt of fabric to fall would not preclude the jury from finding that O'Brien's injury resulted from Everfast's negligence. This issue is

substantially identical to one raised in Holcombe v. NationsBanc Financial Services Corporation, 248 Va. 445, 450 S.E.2d 158 (1994). In Holcombe, the defendant contended that its action of stacking movable wall partitions in such a way that they might fall and cause an injury was insufficient to subject it to liability where the jury would be left to speculate as to what actually caused the partitions to fall. We held that the foreseeability of the danger, and not the manner of its actual occurrence, was the relevant question for the jury to consider in determining whether the defendant had been negligent. Id. at 448, 450 S.E.2d at 160.

The rationale applied in Holcombe is equally applicable to the circumstances presented in the record here. Everfast was clearly aware of the danger presented by having the bolts off the racks and required its employees to take charge of the bolts when they were removed from the racks for measuring and cutting. As in Holcombe, these facts were sufficient to permit the jury to determine whether the defendant was negligent in permitting the dangerous condition to exist.

Although not relied upon by Everfast in arguing its motion to strike, it may be inferred from the trial court's finding that the danger was open and obvious, that contributory negligence was relied upon by the trial court in reaching its decision to set aside the verdict. A business invitee has the duty to be aware of open and obvious dangers. Tazewell Supply Company v. Turner, 213 Va. 93, 95, 189 S.E.2d 347, 349 (1972). Whether a danger is open and obvious is usually a jury question. Shiflett v. M.

<u>Timberlake, Inc.</u>, 205 Va. 406, 411, 137 S.E.2d 908, 912 (1964). Several heavy bolts of fabric leaning against a table is not so remarkable or patent a danger that an invitee unfamiliar with the nature of the danger posed thereby would naturally seek to avoid it. Absent clear knowledge by O'Brien of the danger this condition presented, the jury properly could have found that she was privileged to browse the display floor without guarding herself from being struck by a falling bolt of fabric. See <u>Clark v. Chapman</u>, 238 Va. 655, 667-68, 385 S.E.2d 885, 892-93 (1989).

Since we conclude that the factual issues were properly submitted to the jury, we will reverse the judgment of the trial court, reinstate the jury's verdict, and enter final judgment for the plaintiff on this verdict.[2]

<u>Reversed and final judgment</u>.

---

[2]O'Brien also assigned error to the trial court's exclusion of testimony that similar accidents had occurred in other stores owned by Everfast. However, the resolution of the principal issues renders this issue moot.