**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LADONNA GOEHLER,
Plaintiff-Appellee,

v.                                                             No. 99-2057

WAL-MART STORES, INCORPORATED,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
B. Waugh Crigler, Magistrate Judge.
(CA-98-15-5)

Argued: June 6, 2000

Decided: August 17, 2000

Before NIEMEYER and WILLIAMS, Circuit Judges,
and Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Beverley Tiller, MORRIS & MORRIS, P.C.,
Richmond, Virginia, for Appellant. John L. Watts, BREIT, DRES-
CHER & BREIT, P.C., Norfolk, Virginia, for Appellee. **ON BRIEF:**
Donald C. Beck, Jr., MORRIS & MORRIS, P.C., Richmond, Vir-
ginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wal-Mart Stores, Inc. timely appeals a $2,193,602.26 judgment based on a jury verdict in favor of Ladonna Goehler, who slipped and fell on hand soap that had pooled on the floor of the women's restroom in a Winchester, Virginia Wal-Mart store. Goehler's suit against Wal-Mart alleged that the soap dispensers had been negligently located between the sinks where it was reasonably foreseeable that they would leak onto the floor. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We discuss each of Wal-Mart's five arguments in turn.

I

Wal-Mart first contends that the district court erred in allowing Goehler to introduce evidence of subsequent remedial measures. The district court's evidentiary decisions are normally reviewed under an abuse of discretion standard, but the legal analysis underlying such decisions is reviewed de novo. See Hottle v. Beech Aircraft Corp., 47 F.3d 106, 109 (4th Cir. 1995).

At the outset of this litigation, Wal-Mart maintained that the soap dispenser at issue had always been located over the sink such that any soap that fell from the dispenser spout would have fallen into the sink, rather than onto the floor. Wal-Mart swore in its answers to Goehler's interrogatories that the soap dispenser had not been moved, and its corporate designees testified in their depositions that the soap dispenser was in the same position that it had been on the day of the accident. After Goehler hired an expert who produced photographs showing that the soap dispenser had, in fact, been moved, Wal-Mart supplemented its discovery responses to acknowledge the movement of the dispenser. Both Goehler and the district court believed that the jury was entitled to know that Wal-Mart had changed its position regarding whether the dispenser had been moved.

2

Wal-Mart argues that Federal Rule of Evidence 407 required the district court to exclude evidence of the soap dispenser's movement. Rule 407 provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Fed. R. Evid. 407.

Although Wal-Mart concedes that evidence is admissible under Rule 407 when offered for impeachment purposes, it contends that there was no basis for impeachment in this case because Wal-Mart agreed with Goehler as to the dispenser's location. This argument is disingenuous. Wal-Mart eventually admitted that the dispenser had been moved after the accident; it continued to argue, however, that the original position of the dispenser placed the spout over the sink. Thus, the original location of the dispenser was still in dispute. The district court did not err in allowing Goehler to introduce evidence of Wal-Mart's change in position in order to impeach Wal-Mart's credibility as to the dispenser's original location.

We have previously recognized that "Rule 407 is based on the policy of encouraging potential defendants to remedy hazardous conditions without fear that their actions will be used as evidence against them." TLT-Babcock, Inc. v. Emerson Electric Co., 33 F.3d 397, 400 (4th Cir. 1994). We note that this policy is not implicated under the facts of this case. Wal-Mart never claimed that it moved the dispenser in order to remedy a dangerous condition. At trial, Wal-Mart speculated that the soap dispenser might have been moved by maintenance workers when they installed a paper towel dispenser. Not only was the soap dispenser not moved for safety reasons, it appears that it was not moved at Wal-Mart's direction. The district court's admission of

3

evidence regarding the soap dispenser's movement did not violate Rule 407.

II

Wal-Mart next argues that the district court should have granted its motion for judgment as a matter of law because Goehler failed to prove a prima facie case of negligence. We review this issue de novo to determine whether the evidence, viewed in the light most favorable to Goehler, would have permitted a jury reasonably to return a verdict in her favor. See Sales v. Grant, 158 F.3d 768, 775 (4th Cir. 1998). Because this is a diversity case, Virginia law governs the parties' duties and responsibilities. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

Goehler was an invitee upon Wal-Mart's premises. As such, Wal-Mart owed her a duty to maintain its premises in a reasonably safe condition. See Memco Stores, Inc. v. Yeatman, 348 S.E.2d 228, 230 (Va. 1986) (citations omitted). According to Goehler, Wal-Mart's negligence was based not on its failure to clean up the soap puddle, but rather on its "genesis" of the dangerous condition in the first place. See id. at 231. Where, as here, a defendant's affirmative conduct -- in this case, the placement of the soap dispenser -- is alleged to have created a dangerous condition on its premises, the jury must determine whether "an ordinarily prudent person, given the facts and circumstances [the defendant] knew or should have known, could have foreseen the risk of danger resulting from such circumstances." Id.

The issue of Wal-Mart's negligence was properly submitted to the jury. Goehler produced evidence, including photographs, demonstrating that the soap dispensers were positioned over the floor rather than the sink. Goehler testified that the soap was pooled on the floor directly below the dispenser. Michelle Kountz, one of Wal-Mart's maintenance employees, testified that she knew that these dispensers sometimes leaked. Based on this evidence, a reasonable juror could find that Wal-Mart had constructive notice of the danger of soap leaking onto the floor, and that this danger was foreseeable as a result of the location of the soap dispenser.

4

Nevertheless, Wal-Mart contends that because Goehler did not offer any evidence as to how the soap ended up on the floor (e.g., a defective dispenser), she has failed as a matter of law to prove negligence. The Virginia Supreme Court has squarely rejected this argument. See O'Brien v. Everfast, Inc., 491 S.E.2d 712 (1997). In O'Brien, the Court held that "the foreseeability of the danger, and not the manner of its actual occurrence, [is] the relevant question for the jury to consider in determining whether the defendant had been negligent." Id. at 715 (citation omitted). The district court properly denied Wal-Mart's motion for judgment as a matter of law.

III

Wal-Mart's third argument, like its second, contends that the district court should have granted Wal-Mart's motion for judgment as a matter of law because Goehler was contributorily negligent. As discussed above, the district court's ruling is reviewed de novo to determine whether the evidence, viewed in the light most favorable to Goehler, would have permitted a jury reasonably to return a verdict in her favor. See Sales, 158 F.3d at 775.

A plaintiff is contributorily negligent as a matter of law when, despite lacking actual knowledge of a defect, the defect was open and obvious and, by the exercise of ordinary care, the defect could have and should have been seen. See West v. City of Portsmouth, 232 S.E.2d 763, 765 (Va. 1977). According to Goehler's testimony at trial, the soap was a light pink, translucent liquid which was hard to see against the grayish tile floor. Moreover, the puddle of soap was between and partially under the sinks. Because sufficient evidence exists from which a reasonable juror could find that the soap spill was not open and obvious, the district court properly denied Wal-Mart's motion for judgment as a matter of law.

IV

Next, Wal-Mart argues that the district court improperly prohibited Wal-Mart from explaining its prior discovery answers. During discovery, Goehler propounded the following interrogatory:

5

State the full name, resident address, business address and telephone number of all individuals responsible for the inspection, maintenance and/or cleaning of the ladies' room in your store on the date of this accident. Include in your answer, the last time that this ladies' restroom was inspected prior to Plaintiff's fall and the name, address, telephone number and current work status with Wal-Mart of the individual who performed such inspection.

Wal-Mart identified Michelle Kountz in both its answer to the interrogatory and in its corporate designees' deposition testimony. Goehler then deposed Kountz and was able to establish that she was not working on the day of the accident. At trial, Wal-Mart sought to elicit testimony that if Kountz was not working, someone else would have cleaned the restroom. Goehler objected to this testimony, and the district court sustained the objection, on the basis that Wal-Mart never supplemented its discovery responses. The court did, however, allow Wal-Mart to explain why it had mistakenly believed that Kountz was working.

Wal-Mart contends that the district court's refusal to allow testimony as to other individuals who might have inspected the restrooms on the day of the accident left the jury with the mistaken impression that the restrooms were not cleaned that day. A district court's evidentiary rulings are reviewed for an abuse of discretion. See Sasaki v. Class, 92 F.3d 232, 241 (4th Cir. 1996). The district court did not abuse its discretion in prohibiting Wal-Mart from disclosing information at trial that was not fully disclosed in response to discovery. Had Wal-Mart been allowed to introduce testimony regarding generic employees, such as "cart gatherers and stockmen," who "might" have cleaned the bathrooms, Goehler would unfairly have been denied the opportunity to cross-examine these unnamed employees.

Moreover, most of the evidence that Wal-Mart contends was withheld from the jury was, in fact, presented to the jury through Goehler's reading of select portions of deposition testimony. Thus, the jury learned that "cart gatherers as well as day maintenance associates" would have been trained in restroom cleaning procedures. Likewise, Wal-Mart solicited testimony from Kountz that when she

6

was not at work, other maintenance employees would have been working and would have had the same training that she had.

V

Finally, Wal-Mart challenges the district court's denial of its motion for a new trial based upon the alleged excessiveness of the jury's verdict. A district court sitting in diversity must apply state law when it considers such a motion. See Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 438-39 (1996). Under Virginia law, a jury verdict will be set aside only if it is "so excessive that it shocks the conscience of the court, creating the impression that the jury was influenced by passion, corruption, or prejudice; that the jury has misconceived or misunderstood the facts or the law; or, the award is so out of proportion to the injuries suffered as to suggest that it is not the product of a fair and impartial decision." Poulston v. Rock, 467 S.E.2d 479, 481 (Va. 1996) (citations omitted). Setting aside a verdict as excessive under these conditions is an exercise of the inherent discretion of the trial court and, on appeal, the standard of review is whether the trial court abused its discretion. See id. at 482 (citation omitted).

Here, the district court did not abuse its discretion. Although the size of the verdict is large, it is supported by the evidence regarding Goehler's medical treatment, expenses, pain, suffering, disability, loss of consortium, and loss of quality of life. Goehler and her doctor both testified as to her extreme pain. In an effort to relieve her pain, Goehler underwent a decompression laminectomy and fusion with internal stabilization. Following this surgery, she developed a serious staph infection, whereupon her wound was surgically debrided and irrigated. She then developed a second staph infection which required another surgical procedure. In the meantime, Goehler was in and out of the hospital, confined to her bed for long periods of time. As a result of her infections, her spinal fusion did not take hold and another operation was performed to remove the hardware which had loosened and worn away the bone around the screws and rods. An electronic bone growth stimulator was implanted to try and stimulate her graft to fuse together with her spine. Finally, Goehler had yet another surgery to remove the bone stimulator. She continues to suffer from chronic and severe pain, and is limited in her life activities.

7

VI

We affirm the judgment of the district court entered in compliance with the verdict.

<u>AFFIRMED</u>

8