## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Kenneth R. Collier, Sr.

v.

Arby's, Inc.

March 7, 2002

Case No. (Law) 99-198

BY JUDGE EDWARD L. HOGSHIRE

The instant action arose from an alleged accident where the Plaintiff, Kenneth R. Collier, was injured while in the bathroom of an Arby's restaurant, Defendant, on Emmet Street. Mr. Collier alleges that the injury occurred as a result of Defendant Arby's breach of the duty to provide the Plaintiff a safe premises throughout the building and Defendant's breach of the duty to instruct employees to move with care. Defendant brings (1) a motion for summary judgment on statutory grounds, (2) a motion for an order compelling discovery, and (3) a motion to deem as admitted certain requests for admission. Plaintiff, Mr. Collier, (1) opposes summary judgment, (2) alternatively requests substitution of a party, (3) opposes a motion for an order to compel discovery, asking the court to determine that an expert witness is not essential to the question of negligence, and (4) opposes a motion to deem as admitted certain requests for admissions.

On grounds set forth below, Defendant's motion for summary judgment is denied without prejudice and Defendant's motion to compel discovery is granted, the court holding that unanswered Requests for Admission are deemed admitted. In addition, the Court finds that an expert witness is not required, and that the addition of Cook and Jacobs is barred by the relevant statute of limitations. *See* Va. Code § 8.01-243 (as revised).

## *Procedural History*

Mr. Collier brought a similar case against Arby's for the same alleged injury on April 11, 1997, under a negligent design theory. The Plaintiff nonsuited the case on September 17, 1999, and filed a new motion for judgment on the same day. In the new motion for judgment, Mr. Collier pleads Defendant's breach of a duty to provide a safe premises and Defendant's breach of a duty to instruct its employees regarding safe movement throughout the building.

On November 3, 2000, Defendant filed its Requests for Admissions Directed to Plaintiff. On June 15, 2001, Defendant filed its motion for summary judgment and motion to deem as admitted certain requests for admission. Also on June 15, 2001, Defendant filed a motion for an order to compel discovery. On July 12, 2001, a notice of hearing was filed, and on October 24, 2001, Defendant filed its reply memorandum.

## *Facts*

Plaintiff alleges that on April 19, 1995, he was a customer in an Arby's restaurant on Emmet Street in Charlottesville and that while in the restroom of the Arby's, he was injured when an individual rushed into the restroom, flinging open the restroom entrance door. The door allegedly crashed into the Plaintiff's neck and back, injuring the Plaintiff's neck, head, and upper body.

Plaintiff alleges that the bathroom was poorly designed and too small to accommodate customers and that he suffered damages as a result.

## *Analysis*

The first issue is whether to grant the motion for an order to compel discovery. Plaintiff contends that all relevant documents and evidence were produced and exchanged during the nonsuited case, and that those materials should be used for purposes of the present case, but a new case that pleads different complaints requires a completely new discovery; consequently, the motion for an order to compel discovery is granted.

Defendant asks this court to consider Requests for Admissions Directed to Plaintiff Numbers 3 and 10 to be deemed as admitted, as Plaintiff has not answered them within its statutory time limits. *See* Rule 4:11(a), Rules of Supreme Ct. of Va. In light of the Rules provision and absent sufficient grounds to justify the delay in response, the Requests are deemed admitted.

In its memorandum submitted in part to address the motion to compel, Plaintiff asks this court to decide that an expert witness is not necessary for

this case. Plaintiff's Memorandum, p. 2. An expert's testimony is inadmissible if it relates to matters about which the fact-finder is equally as capable as the expert of reaching an intelligent and informed opinion. *Kendrick v. Vaz, Inc.*, 244 Va. 380, 384, 421 S.E.2d 447, 449 (1992). Additionally, Va. Code § 8.01-401.3 (as revised) states that:

> [i]n a civil proceeding, if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education *may* testify thereto in the form of an opinion or otherwise.

Va. Code § 8.01-401.3 (as revised) (italics added). An expert's testimony is not excluded in this case; in cases cited by the parties and in this Court's independent research, however, nothing indicates the mandatory inclusion of expert witness testimony. As a consequence, this Court will not, pre-trial, require the use of expert witnesses to determine negligence as to the design of the restroom.

The next issue before this Court is the Defendant's motion for summary judgment. Defendant's argument hinges on a statute, which reads as follows:

> No action to recover for any injury to property, real or personal, or for bodily injury or wrongful death arising out of the defective and unsafe condition of an improvement to real property ... shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction of such improvement to real property more than five years after the performance or furnishing of such services and constructions.
>
> The limitation prescribed in this section shall not apply to ... any person in actual possession and in control of the improvement as owner, tenant or *otherwise* at the time the defective or unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought. ...

Va. Code § 8.01-250 (as revised) (italics added). Defendant argues that this statute compels summary judgment.

Three points help to develop Defendant's argument. First, although the record in the present suit does not indicate that Arby's supplied designs for the bathroom prior to its construction, Mr. Collier avers as much in his memorandum. Plaintiff's Memorandum, p. 2. Second, Defendant avers and Plaintiff admits that the bathroom was built more than five years prior to the

accident. Third, both parties agree that Defendant Arby's does not have titled ownership of the real property now or at the time of the accident. As a result, claims the Defendant, Va. Code § 8.01-250 compels summary judgment.

Defendant's arguments here are persuasive but not dispositive. Presuming that Arby's did indeed provide designs for the bathroom and that Arby's did not have titled ownership of the real property at the time of the accident, the exception may nonetheless include the Defendant. A sufficient nexus may very well exist that would require this Court to find that Arby's, as a franchisor, was in "actual possession and in control of the improvement as owner, tenant or *otherwise*" despite not having titled ownership of the property. Va. Code § 8.01-250 (as revised) (italics added). Since both parties have provided insufficient evidence regarding this issue, however, the Court denies the summary judgment motion without prejudice.

The next issue involves Plaintiff's motion to substitute a party, Cook and Jacobs, pleaded in the alternative. Plaintiff pleads this motion only if this court should find that Arby's did not have "actual possession and in control of the improvement as owner, tenant or *otherwise*." Va. Code § 8.01-250 (as revised) (italics added). Plaintiff pleads substitution based on the theory that the nonsuited case tolls the two-year statute of limitations. Plaintiff contends that Cook and Jacobs had sufficient notice of both the nonsuit and the present action. Plaintiff further contends that substitution "is a matter committed to the sound discretion of the trial court." *Lake v. Northern Va. Women's Med. Ctr.*, 253 Va. 255, 262, 483 S.E.2d 220, 262 (1997).

However, the two-year statute of limitations for civil actions bars substitution. In the nonsuited action, Plaintiff sued Arby's under a theory of negligent design. In the present action, filed approximately four years and five months after the initial injury, Plaintiff uses tolling provisions to sue Arby's under a theory of breach of duty to provide safe premises and breach of a duty to properly instruct employees. Plaintiff seeks now, some six years and ten months after the date of the injury, to bring in a new party, Cook and Jacobs, to this second action. Because Plaintiff seeks to sue a new party under new causes of action almost seven years after the accident, the two-year statute of limitations for bringing an action prohibits substitution. *Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 817, 97 S.E.2d 1, 4 (1957).

As a result, Plaintiff's motion to substitute a party is denied.

*Conclusion*

Defendant's motion to deem as admitted certain requests for admission is granted. Defendant's motion for an order to compel discovery is granted, but with the stipulation that Plaintiff is not obligated to provide an expert witness for purposes of determining negligence. Defendant's motion for summary judgment is denied without prejudice, and Plaintiff's motion to substitute parties is denied.