## CIRCUIT COURT OF MADISON COUNTY

Edwin Kohl et al.

v.

Amerigas Propane, Inc., et al.

June 2, 2005

Case No. CL03001880-00

BY JUDGE DANIEL R. BOUTON

I set forth below the court's ruling on the pretrial motion that was argued on May 25th in the Madison County Circuit Court.

*I. The Disclosure of New Matters:*
*Uniform Pretrial Scheduling Order Violation*

On this point, the motion *in limine* is denied. The court finds that the information disclosed by the plaintiff constitutes a proper supplementation of the discovery responses that have already been provided to the defendant. While the evidence that will be relied upon in part to support the opinion of Dr. Chisholm is new and recently discovered, it is not a disclosure that changes or modifies in a material way the subject matter of the expected testimony.

Furthermore, it should be noted that, at this time, the court finds no demonstrated prejudice to the defendant. In this regard, the plaintiff has provided all of the evidence to the defendant and continues to cooperate fully in the exchange of pretrial information. The court has authorized the

defendant to conduct any additional discovery that might be needed in order to prepare for trial.

## II. Testimony on Reasonable Foreseeability

In Virginia, actionable negligence requires proof of a legal duty, a breach of such duty, and an injury that could have been reasonably foreseeable in the exercise of reasonable care and caution. *Atlantic Co. v. Morrisette*, 198 Va. 332, 94 S.E.2d 220 (1956); *Bartlett v. Robert's Recapping, Inc.*, 207 Va. 789, 153 S.E.2d 193 (1967). As stated in *Balderson v. Robertson, Adm'r*, 203 Va. 484, 488, 125 S.E.2d 180 (1962), "one is not charged with foreseeing that which could not be expected to happen." This same principle of law was also cited in *Spurlin, Adm'x v. Richardson*, 203 Va. 984, 128 S.E.2d 273 (1962).

It follows from the above that a party is not liable for injuries that are not reasonably foreseeable as that term has been defined by the cases that have discussed it. If it is not foreseeable that a party's conduct would result in the injury or damage that is being claimed, then such conduct does not amount to negligence. *Consumers Brewing Co. v. Doyle's Adm'x*, 102 Va. 399, 46 S.E. 390 (1904). Put another way, if one is injured by circumstances or conduct that could not have been foreseen, a party cannot be charged with actionable negligence for failing to act or for actions taken. On this issue, in the recent case of *Holcombe v. NationsBanc*, 248 Va. 445, 448, 450 S.E.2d 158 (1994), the Supreme Court of Virginia stated: "If an occurrence is one that could not reasonably have been expected, the defendant is not liable. Foreseeableness or reasonable anticipation of the consequences of an act is determinative of defendant's negligence." (Citations omitted.)

In the court's view, allowing a witness to express a specific opinion on whether events, conditions, or damages were "reasonably foreseeable" would improperly invade the province of the jury. To permit such testimony would provide an expert witness with a forum to express an opinion on one of the critical legal issues in the case. Such testimony would thus be an opinion that would be equivalent to a conclusion of law. Such opinions are not permitted under Virginia law. *See The Law of Evidence in Virginia*, Sixth Ed., Friend, § 17-3. Therefore, on this point, the motion *in limine* will be granted.

Nothing in the court's ruling should be construed to prohibit the plaintiff from attempting to lay a foundation for the admission of appropriate expert testimony from Dr. Chisholm. The ruling merely prohibits the expression of any specific opinion on what is or is not reasonably foreseeable; that determination will be reserved for the jury.