**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1167**

HEIDI STROBEL,

                Plaintiff - Appellant,

        v.

W.B.W. ENTERPRISES, INCORPORATED, doing business as Dayton
Farmer's Market,

                Defendant - Appellee.

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.    B.  Waugh  Crigler,
Magistrate Judge.  (5:07-cv-00044-BWC)

Submitted:  October 28, 2008       Decided:  November 24, 2008

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

H. Bishop Dansby, Keezletown, Virginia, for Appellant. Cathleen
Kailani Memmer, GUYNN, MEMMER & DILLON, P.C., Salem, Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Heidi Strobel appeals from the district court's order granting summary judgment to the Defendant in her civil action for tort damages related to premises liability. Strobel slipped and fell when she was exiting the Dayton Farmer's Market (the Market). Defendant W.B.W. Enterprises managed the Market. The issue in this case is whether Strobel's evidence of causation established a reasonable inference that a door mat caused her fall and resulting injuries. We conclude that there exists a genuine issue of material fact as to whether the door mats in question were defective and caused Mrs. Strobel's fall. We therefore vacate the order granting summary judgment and remand for further proceedings.

Mrs. Strobel filed an action for personal injuries, alleging that the negligence of the Defendant caused her injury. Specifically, she alleged that she tripped over defective mats when exiting the Market. After completion of discovery, the Defendant moved for summary judgment. The Defendant alleged that the mat was not defective or dangerous, the condition was open and obvious, there was no actual or constructive notice, there was insufficient evidence of causation, and that Strobel was guilty of contributory negligence. The court heard oral

argument and granted the Defendant's motion from the bench.[1]  The court held that there was insufficient evidence to establish that the mats were rippled or buckled more than one-half inch or that they were permanently rippled.  The court found insufficient evidence of causation, citing conjecture that the mats in the photograph were the same mats involved in the accident and that they were in a similar condition.  If Strobel had established causation, the court found there was sufficient evidence of notice, and at least a genuine issue of material fact as to whether she was contributorily negligent.

The non-moving party must produce "specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  Summary judgment should be affirmed only where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.  <u>Celotex v. Catrett</u>, 477 U.S. 317, 322 (1986).  The court examines the evidence in the light most favorable to the non-moving party.[2]  <u>Id.</u>

---

[1]  The parties consented to the jurisdiction of the magistrate judge.

[2]  The court held that there was sufficient evidence of notice and an issue of material fact as to whether Strobel was contributorily negligent.  Mrs. Strobel's brief addresses all issues surrounding the motion for summary judgment, as does the Appellee's brief.  However, the only appealable issue raised is causation, based on the district court's ruling.

To prove negligence in a premises liability case, the plaintiff must first prove the existence of an unsafe or dangerous condition on the premises. Kendrick v. Vaz, Inc., 421 S.E.2d 447, 449 (Va. 1992). Mrs. Strobel contends that the mats were defective because they had pre-existing distortions. The Market contends that the record is devoid of evidence of the condition of the floor mats immediately prior to Strobel's fall. Assuming that the mats were defective at the time of Strobel's accident, she must also show that the defect in the mats caused her to trip and fall. In Virginia, to prove a defendant's negligence, a plaintiff must prove "why and how the incident happened. . . . And if the cause of the event is left to conjecture, guess, or random judgment, the plaintiff cannot recover." Town of West Point v. Evans, 299 S.E.2d 349, 351 (Va. 1983).

We conclude that there is a genuine issue of material fact as to whether the mats were defective and whether they caused Mrs. Strobel's fall. The photograph of the mats shows that the edges of the mats, in some places, were not flush with the floor and that there were ripples across the top of the mats. Although the district court was concerned that it could not be categorically determined which mat may have been involved, both mats were in a similar condition. Further, the court seemed troubled that the mats may not have been in the

4

same condition as in the photograph as the day of the accident. A manager, however, testified in deposition that after the accident the mats were rolled up and placed in secure storage, and a shopkeeper testified that the mats were in the same condition at the time of the accident as they were portrayed in the photograph, which showed rippling of the mat.

Finally, witness statements and deposition testimony established that there were problems with the mats in the two days they were placed before the accident, and the problems were noticed by several shopkeepers in the Market. We therefore conclude that there is a genuine issue of fact as to whether the mats were defective and caused Mrs. Strobel's fall.

We vacate the summary judgment order and remand to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED